ATLANTIC COAST LINE RAILROAD COMPANY v. A. J. MAXWELL, COMMISSIONER OF REVENUE OF NORTH CAROLINA.

(Filed 27 February, 1935.)

1. **Taxation B d—Provision in Revenue Act exempting from income tax compensation from Federal Government applies only to individuals.**

    Plaintiff railroad company paid under protest that part of its income tax to the State that was based upon its compensation from the Federal Government for carrying United States mail, plaintiff claiming that its income from that source was exempt from taxation under the Revenue Act of 1931, ch. 427, sec. 317 (2) (e): *Held,* plaintiff was not entitled to

the exemption claimed, since the provision of the act exempting from income tax that part of gross income received from salaries, wages, or other compensation from the Federal Government applies to individuals only and not to corporations, foreign or domestic.

**2. Same—Principle that State may not tax Federal agency does not apply to exempt from income tax railroad's compensation for carrying mail.**

The principle that the State cannot tax a public agency of the United States Government in the performance of a governmental function does not apply to exempt from State income tax compensation paid a railroad company by the Government for carrying United States mail, the railroad being a corporation engaged in business as a common carrier and not being an instrumentality of the Federal Government in carrying the mail, its relation to the Government in respect to the mail being that of an independent contractor, and the tax on its income derived from carrying the mail not interfering or burdening the Federal Government in the performance of its governmental function with respect to the mails.

APPEAL by plaintiff from *Grady, J.*, at June Term, 1934, of WAKE. Affirmed.

This is an action to recover a sum of money paid by the plaintiff to the defendant on account of the tax assessed by defendant on the net income of the plaintiff for the year 1931, under and pursuant to the provisions of Article IV, chapter 427, Public Laws of North Carolina, 1931.

When the action was called for trial it was agreed by and between counsel for the plaintiff and the defendant that a trial by jury should be waived, and that the court should hear the evidence, find the facts, and render judgment accordingly.

After hearing the evidence, the court found the following facts:

"1. At the times referred to in the pleadings the plaintiff was and is now a corporation, organized and existing under and by virtue of the laws of the State of Virginia, and was and is engaged in the operation of railroad trains for the transportation of freight and passengers for compensation in the State of North Carolina and elsewhere.

"2. On such trains as are designated as mail carriers by the Postmaster General of the United States, and in the manner required by said Postmaster General, the plaintiff at the time hereinafter mentioned, transported mail for the United States, and for such service received from the United States Government compensation known as mail pay.

"3. The defendant is Commissioner of Revenue of the State of North Carolina and as such was and is charged, under the law, with the collection of all taxes imposed by the tax laws of the State of North Carolina.

"4. When the plaintiff filed its income tax return to the State of North Carolina for the year 1931, it did not include in the computation

of gross or net income any of the moneys received by it from the United States Government as mail pay; and the defendant, acting under Revenue Act of 1931, assessed an additional income tax against the plaintiff for the year 1931 in the sum of $4,077.76, with interest thereon in the sum of $326.22, making a total of $4,403.98, on account of the revenue received by the plaintiff from the United States of America as compensation for carrying the mail, and known as mail pay.

"5. On 14 July, 1933, the plaintiff paid to the defendant the amount assessed, with interest, to wit: $4,403.98, which payment was made under written protest, said protest being in the manner required by law, and on 15 July, 1933, within thirty days after said payment, the plaintiff made due demand upon the defendant in writing for the repayment to it of the amount so paid, and the defendant failed and refused for a period of ninety days from the date of such demand to repay said sum and interest, and still refuses to repay the same, and this action was thereupon instituted by the plaintiff for the recovery of the said sum of $4,403.98, interest and costs.

"6. The court finds as a fact that there is no written contract between the plaintiff and the United States Government for the carrying of the United States mail; but that the Postmaster General is authorized and directed, under the law, to adjust the compensation to be paid to railroad companies for the transportation and handling of the mails, and furnishing facilities and services in connection therewith upon the conditions and at the rates provided by the postal laws and regulations; that the Postmaster General decides upon what trains and in what manner the mail shall be conveyed; and every railroad company carrying the mails shall carry in any train it operates, and with due speed, all mailable matter, equipment, and supplies directed to be carried thereon. If any such railroad company shall fail or refuse to transport the mails, equipment, and supplies when required by the Postmaster General on any train or trains it operates, such company shall be fined such reasonable amount as may, in the discretion of the Postmaster General, be deemed proper. The court further finds that the Interstate Commerce Commission has authority and is empowered and directed to fix and determine from time to time the fair and reasonable rates and compensation for the transportation of such mail matter by railway common carriers, prescribing the method or methods by weights, space, or both, or otherwise, for ascertaining such rate or compensation, and to publish the same, and the order so made and published shall continue in force until changed by the Commission after due notice and hearing; and it is further provided in paragraph 37, 39 U. S. C. A., 543, p. 220, that 'in fixing and determining the fair and reasonable rates for such service the Commission shall consider the relation existing be-

tween the railroad as a public-service corporation and the Government, and the nature of such service as distinguished, if there be a distinction, from the ordinary transportation business of the railroads'; and paragraph 38, 39 U. S. C. A., 544, p. 220, provides that the procedure for the ascertaining of said rates and compensation shall be as provided in section 545 to 554 of this title. It is provided on page 223 that for the purpose of sections 524 to 568 of this title the Interstate Commerce Commission is hereby vested with all the powers which it is authorized by law to exercise in the investigation and ascertainment of the justness and reasonableness of freight, passenger, and express rates to be paid by private shippers.

"7. The court finds as a fact that the carrying of the United States mails by the plaintiff corporation is compulsory, and that the plaintiff itself has nothing to do with the fixing of compensation, known as mail pay, for the carrying of said mails; but that compensation is fixed under the rules and regulations hereinbefore referred to, in the same manner as freight rates are fixed by the Interstate Commerce Commission.

"8. Subsection 2 (e) of section 317 of Chapter 427, Public Laws of North Carolina, 1931, known as the Revenue Act, under which taxes on incomes for the year 1931 were assessed and levied by the State of North Carolina, provides as follows:

" '2. The words "gross income" do not include the following items, which shall be exempt from taxation under this act:

" '(e) Salaries, wages, or other compensation received from the United States by officials or employees thereof, including persons in the military or naval forces of the United States.' "

On the foregoing facts the plaintiff contended:

1. That the compensation or mail pay which the plaintiff received from the United States Government for transporting the mails during the year 1931 was exempt from taxation by the State of North Carolina under the provisions of subsection 2 (e) of section 317, of Chapter 427, Public Laws of North Carolina, 1931, and that for this reason the assessment and levying by the defendant of a tax on its income derived from that source was unlawful.

2. That in transporting the mails during the year 1931 the plaintiff was a public agent of the United States Government, engaged in the performance of a function of said Government, and that for this reason the compensation or mail pay which the plaintiff received from the said Government was not subject to taxation by the State of North Carolina as income.

On the facts found by it, the court was of opinion that the plaintiff is not entitled to recover in this action, and so adjudged.

The plaintiff excepted to the judgment and appealed to the Supreme Court.

*Thos. W. Davis and Murray Allen for plaintiff.*

*Attorney-General Brummitt and Assistant Attorney-General Seawell for defendant.*

Connor, J. The contention of the plaintiff that the sum of money which the plaintiff received from the United States Government during the year 1931, for transporting the mail during said year under the direction of the Postmaster General, was exempt from taxation as income for said year by the State of North Carolina, under the provisions of subsection 2 (e) of section 317 of chapter 427, Public Laws of North Carolina, 1931, cannot be sustained. There is no error in the judgment of the Superior Court in this action overruling this contention.

The provisions of subsection 2 (e) of section 317 of Chapter 427, Public Laws of North Carolina, 1931, are applicable to individuals whose taxable incomes are ascertained by deducting from their gross incomes as defined in subsection 1 of said section, the items mentioned in subsection 2. These provisions are not applicable to corporations, either domestic or foreign. This is manifest not only from the language used in section 317, but also from the provisions of Article IV, of chapter 427, Public Laws of North Carolina, 1931, which includes section 317, and is known as the Income Tax Act of 1931. Provision is made in the act for ascertaining the taxable incomes of corporations as distinguished from the taxable incomes of individuals. The basis for ascertaining the net income of corporations engaged in the business of operating railroads, as common carriers, is fully set out in section 312. The provisions of this section are valid. It was so decided by the Supreme Court of the United States in *Atlantic Coast Line Railroad Company v. Doughton,* 262 U. S., 411, 67 L. Ed., 1051.

Nor can the contention of the plaintiff that, in transporting the mails under the direction of the Postmaster General during the year 1931, the plaintiff was a public agent of the United States Government, and as such was performing a governmental function, and that for this reason the compensation which the plaintiff received from the United States Government for transporting the mail was not subject to taxation as income by the State of North Carolina, be sustained. There is no error in the judgment of the Superior Court in this action overruling this contention.

The principle on which the plaintiff relies in support of its contention is well settled, and is essential to the preservation of an indestructible union of indestructible States. It is not controverted by the defendant in this action. This principle, however, is not applicable to the plaintiff. The plaintiff is not an instrumentality of the Government of the United States, created by said Government to perform a governmental

function. It is a corporation created by the State of Virginia, and engaged in the business of a common carrier in the State of North Carolina and elsewhere. Its relation to the Government of the United States with respect to the transportation of the mail is that of an independent contractor. Its income derived from compensation for carrying the mail is subject to taxation by the State of North Carolina. Such taxation does not interfere with and is not a burden on the United States Government in performing its governmental function with respect to the mails, and therefore does not contravene the principle on which *McCullock v. Maryland,* 4 Wheat., 316, 4 L. Ed., 579, was decided.

In *Metcalf v. Mitchell,* 269 U. S., 513, 70 L. Ed., 585, it is said:

"Just what instrumentalities of either a State or the Federal Government are exempt from taxation by the other cannot be stated in terms of universal application."

It is sufficient to say that we find no evidence in the record in this appeal from which it could be held that the plaintiff is an instrumentality of the Federal Government within the principle relied on by the plaintiff. The judgment is

Affirmed.