No. 34,402

Missouri-Kansas-Texas Railroad Company, *Appellant*, v. The State Tax Commission, Etc., *Appellee*.

(95 P. 2d 293)

Opinion filed November 10, 1939.

*W. W. Brown,* of Parsons, for the appellant.

*John K. Speck, Vernon C. Rosenstahl, James D. Dye,* all of Topeka, for the appellee.

The opinion of the court was delivered by

Dawson, C. J.: This appeal presents the question whether a railway company may deduct from its net annual income so much thereof as it earned carrying the United States mails in computing its annual income tax.

For the years 1935 and 1936 the railway deducted from its Kansas allocable income so much of its net earnings as it received from the federal government for hauling the mails and paid an income tax only on the remainder. The state tax commission rejected that basis of computation and assessed additional income taxes against the company in the sums of $3,039.81 for 1935 and $4,626.33 for 1936.

An amicable lawsuit to settle the matter was arranged between

the parties, and the pertinent facts were stipulated, including the following:

"It is stipulated that the M.-K.-T. R. R. is a corporation organized under the laws of Missouri; that it is an interstate common carrier of freight and passengers for hire, and carries the United States mail; that its lines extend from St. Louis and Kansas City, Mo., and Junction City, Kan., on the north, through intermediate stations in the states of Missouri, Kansas, and Oklahoma, to Oklahoma City, Okla., and Galveston and San Antonio, Tex., on the south; that the tax assessed was based upon the application of the Kansas rate to the additional amount of income which the railroad received for transporting mail over and above that which the railroad returned in its income tax return, which income tax return did not include the revenue received from the United States government for the transportation of mail."

The manager of plaintiff's mail, baggage and express department testified that there was no contract or agreement between the federal government and the railway company relating to the carrying of the mails; the Postmaster General designated the trains on which the mails should be carried, also the routes; and the Interstate Commerce Commission fixed defendant's compensation for this service.

A voluminous mass of statutory provisions and postal regulations, summarized in ten printed pages of the abstract, was submitted in evidence. These showed how completely the railway company is now subjected to federal regulation and control in respect of this service, from all of which it is argued for the railway company that it is an employee of the United States government so far as its service of carrying the mails is concerned, and that its compensation as such federal employee is exempt from the Kansas income tax under the terms of our local statute, which, so far as here pertinent, reads:

"(b) Gross income does not include the following items which shall be exempt from taxation under this act: . . . (9) salaries, wages or compensation paid by the United States to its officials or employees, including members of the army, navy and marine corps." (G. S. 1935, 79-3205.)

The trial court held that the railway company must pay the additional amounts demanded by the tax commission, and the case is brought here for review.

It cannot be denied that at one time and another the courts have held that in respect to the business of carrying the United States mails, a railroad (or a steamship company) is an agency of the federal government and performing a governmental function. (*Bankers' Mutual C. Co. v. Minneapolis, St. P. & S. S. M. Ry. Co.*, 117 Fed.

435; *United States v. Hamburg-Amerikan., etc., Gesellschapt,* 212 Fed. 40, 43; *Atchison, T. & S. F. Ry. v. United States,* 225 U. S. 640; *Boston Ins. Co. v. C., R. I. & P. R'y Co.,* 118 Ia. 423, 92 N. W. 88, 59 L. R. A. 796.) When the foregoing decisions were rendered, railroads (other than land-grant railroads) carried the mails pursuant to contracts awarded by the federal postal authorities. Now this service is required of railroads by statute, so it is argued that in respect to carrying the mails a railroad company is more clearly than heretofore an agency of the government. This point may be conceded with whatever legal conclusions necessarily follow, but it must also be kept in mind that both federal and state courts in recent years have come to view claims to exemption from the common burdens of taxation much more strictly than formerly. (*Clinton v. State Tax Commission,* 146 Kan. 407, 71 P. 2d 857, and federal and state cases cited therein; *Capitol B. & L. Ass'n v. Commission of Labor & Industry,* 148 Kan. 446, 83 P. 2d 106; *O'Malley v. Woodrough,* 59 S. Ct. 838, decided May 22, 1939.) See, also, "Important Shifts in Constitutional Doctrines" in the American Bar Journal for August, 1939, p. 629.

A question similar to the one of present concern came before the supreme court of North Carolina in *R. R. v. Maxwell, Comr. of Revenue,* 207 N. C. 746, 178 S. E. 592. There the taxing authority exacted a tax on the entire net income of the Atlantic Coast Line Railroad Company allocable to North Carolina, rejecting the railway company's contention that so much of its income as was derived from carrying the United States mails was exempt from the state income tax. The railway company paid accordingly and sued for its recovery. The trial court gave judgment for defendant and the supreme court affirmed the judgment, saying—

"Nor can the contention of the plaintiff that, in transporting the mails under the direction of the Postmaster General during the year 1931, the plaintiff was a public agent of the United States government, and as such was performing a governmental function, and that for this reason the compensation which the plaintiff received from the United States government for transporting the mail was not subject to taxation as income by the state of North Carolina, be sustained." (p. 750.)

We note that in the case just mentioned the court also ruled against the railway company on the ground that under the North Carolina statute only individuals, and not corporations, could claim exemption from the state income tax for compensation received for services performed on behalf of the United States government. Be-

cause of that fact, and also because, as counsel for appellant now contend, the North Carolina decision cites no precedents, we will not emphasize its significance in the case at bar. However, a diligent search on our own part has revealed no other authorities on either side of this precise question.

Be that as it may, we conclude that the fact that the railway company is an involuntary agency of the federal government so far as its service of carrying the mail is concerned, does not constitute it an employee of the United States so as to make the compensation paid it by the government for that service exempt from our local income tax of 1933 and amendments (G. S. 79-3201 *et seq.;* G. S. 1937 Supp. 79-3206 *et seq.*).

The judgment is affirmed.