31146. ATLANTA, BIRMINGHAM & COAST RAILROAD COMPANY *v.* COOK, commissioner.

DECIDED FEBRUARY 2, 1946.

 *Brandon, Matthews, Long & Nall,* for plaintiff in error.
 *Eugene Cook, attorney-general, Claude Shaw, assistant attorney-general,* contra.

 FELTON, J. The only question necessary to a decision in this case is whether income received by the Atlanta, Birmingham & Coast Railroad Company for transporting mail for the United States Government is taxable under the Georgia income tax act. approved March 30, 1937. The provision of law which it is contended exempts such income is, "(6) Salaries, wages, or other compensation received from the United States by officials or employees thereof, including persons in the military or naval forces of the United States." Assuming, but not deciding, that this provision was not repealed by the said act, nevertheless such income as is here involved is not exempt. It was the intention of said.

provision to exempt individuals only, and not corporations. An "employee" is "one" who is employed, "any one who renders labor or services to another; . . a person working for salary or wages." 30 C. J. S. 226-7. "The term 'employee' has been held equivalent to, or synonymous with, 'labor' and 'servant.' It has been compared with or distinguished from 'agent' . . 'contractor' and 'independent contractor.'" 30 C. J. S. 230. In Dukes v. Love, 97 Ind. 341, it was held that an act providing that stockholders shall be individually liable for all debts due and owing laborers, servants, apprentices, and employees for services rendered the corporation did not contemplate that a corporation was an employee. The court said: "A corporation aggregate is not an employee of another corporation, within the meaning of the statute." Salaries and wages are income received by individuals only, and the words "or other compensation" are controlled in meaning by association with the words "salaries" and "wages." We therefore conclude that the corporation here was not an employee of the United States, but held the status of an independent contractor. See Atlantic Coast Line R. Co. v. Maxwell, 207 N. C. 746 (178 S. E. 592); Missouri-Kansas-Texas R. Co. v. State Tax Commission, 150 Kan. 614 (95 Pac. 2d, 293).

The court did not err in sustaining the demurrer to the railroad's petition for refund and in dismissing the action.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*