■ LILA S. OLMSTEAD, Appellant, v. JOHN W. OLMSTEAD, Respondent. (Action No. 1.) LILA S. OLMSTEAD, Appellant, v. JOHN W. OLMSTEAD, Respondent. (Action No. 2.) — In an action by a wife to recover payments allegedly due under a separation agreement for the period April 2, 1961 to May 16, 1962, and for other relief (Action No. 1), and in an action by the wife for a judicial separation on the ground of nonsupport (Action No. 2), the plaintiff wife appeals from: (1) an order of the Supreme Court, Westchester County, entered September 14, 1962, which dismissed the complaint in Action No. 1 for patent insufficiency; and (2) an order of said court, entered March 7, 1963, which dismissed the complaint in Action No. 2 for patent insufficiency. Orders reversed, with one bill of $10 costs and disbursements, and motions to dismiss the complaint in each action denied. The defendant's time to answer the complaint in each action is extended until 30 days after entry of the order hereon. On the court's own motion, the two actions (No. 1 and No. 2) are directed to be consolidated and tried together. The parties were married on August 2, 1929. There are two daughters of the marriage, one born December 7, 1939 and the other July 29, 1942. Thereafter on July 12, 1946, the parties entered into a separation agreement which provided, inter alia, that defendant pay plaintiff for the support and maintenance of plaintiff and the two minor children the sum of $95 semimonthly. In a prior action between the parties plaintiff's complaint to recover moneys due under the separation agreement was dismissed because (1) the agreement provided for payment to plaintiff of a single sum periodically for the support of herself and the two children of the parties; (2) the children were not living with plaintiff or being cared for by her during the period for which the payments were claimed; and (3) the court could not award plaintiff a portion of the single agreed amount (Olmstead v. Olmstead, 282 App. Div. 946). In our opinion, that determination was incorrect in the light of later decisions by the Court of Appeals (Nichols v. Nichols, 306 N. Y. 490), since it here appears that the plaintiff's failure to support the children was attributable to a cause not of her own making. Whether that state of facts actually existed during the period involved in the present action is a question of fact to be determined by plenary proof upon the trial. The fact that the children were with defendant during the period in question is immaterial (Nichols v. Nichols, supra). The fact that the older of the two daughters had attained her majority on December 7, 1957 is likewise immaterial (Rehill v. Rehill, 306 N. Y. 126). Whether the second cause of action (alleged in the complaint in Action No. 1) is sufficient is also immaterial. The motion to dismiss was directed to the complaint as a whole and, since one cause of action is

sufficient, the motion to dismiss the complaint in Action No. 1 must be denied. The complaint in Action No. 2 alleging a cause of action for separation is also sufficient. Plaintiff, in effect, has elected to terminate the separation agreement by reason of defendant's breach thereof and is now falling back on her marital rights to compel defendant to support her as an adjunct to a claim for judicial separation (*Cavellier* v. *Cavellier*, 4 A D 2d 600, and cases there cited). That the parties have been living apart by mutual consent is no longer a defense to an action for separation (*St. Germain* v. *St. Germain*, 23 A D 2d 763). Consolidation of the two actions (No. 1 and No. 2) has been directed, since the parties are the same and since common questions of law and fact are involved in both actions. Beldock, P. J., Brennan, Rabin and Benjamin, JJ., concur; Hill J., concurs in the reversal of the order in Action No. 2, but dissents from the reversal of the order in Action No. 1 and from the consolidation, and votes to affirm the order dismissing the complaint in Action No. 1.