18 N.Y.2d 652 (1966)
Lila S. Olmstead, Respondent,
v.
John W. Olmstead, Appellant. (Action No. 1.)
Lila S. Olmstead, Respondent,
v.
John W. Olmstead, Appellant. (Action No. 2.)
Court of Appeals of the State of New York.
Argued June 1, 1966.
Decided July 7, 1966.
John W. Olmstead and Alan W. Craig for appellant.
Roderick B. Travis and Thomas C. Woodbury for respondent.
Concur: Chief Judge DESMOND and Judges FULD, BURKE, SCILEPPI, BERGAN and KEATING. Judge VAN VOORHIS dissents and votes to reverse in the following opinion.
Order affirmed, with costs. Question certified answered in the affirmative.
VAN VOORHIS, J. (dissenting).
The decision in Olmstead v. Olmstead (282 App. Div. 946) would seem to me to be binding by collateral estoppel. To be sure, successive installments under separation agreements give rise to different causes of action, but where, as here, they arise out of the same agreement, the decision in an action on one installment of a question of fact or law which would be determinative of the right to recover other installments does, I think, amount to collateral estoppel. Here the father supported one of the children after 1950 and until she became of age. The mother had contracted by the separation agreement to furnish that support, which was to come out of the $95 bimonthly payments which she was to receive. Although the court held by a closely divided court in Nichols v. Nichols (306 N.Y. 490) that the husband was obliged to furnish double support in such situations, that could not alter the circumstance, as it seems to me, that the earlier Olmstead decision became res judicata not only with *655 respect to the installment there in suit but to subsequent installments arising out of the same agreement which would be controlled by the same factors that were there adjudicated. I would, therefore, reverse in action No. 1 and reinstate the order of Special Term.
The husband should not be criticized for paying the $60 and later $75 in bimonthly payments which the Children's Court had directed, inasmuch as this reflected a desire on his part to comply with what fairness dictated (irrespective of the legal jurisdiction of the Children's Court) by way of supporting his wife and the one child of the marriage who remained with her. There is no doubt that he could have been compelled by law to support them on some reasonable basis. Very likely she is entitled to relief under the now pending action No. 2, for a separation. But the wife has to elect whether to stand on the separation agreement or declare it broken by the husband and sue for separation instead (Cavellier v. Cavellier, 4 A D 2d 600, and cases cited). She is entitled to do that here and for that reason I would not dismiss the complaint in her separation action, but that is an additional reason on account of which she cannot maintain an action on the separation agreement at the same time.
Order affirmed, etc.