■ DOROTHY McMULLAN, Appellant, v IRA H. McMULLAN, Respondent. —In a matrimonial action in which the plaintiff wife had previously been granted a judgment of divorce, she appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County, entered March 31, 1975, as (1) granted defendant's motion to modify the said judgment to the extent of (a) awarding him custody of the parties' 15-year-old daughter, (b) making visitation provisions and (c) eliminating the provisions for the payment of child support and (2) denied plaintiff's cross motion which, *inter alia,* sought an increase in child support payments. Order affirmed insofar as appealed from, without costs or disbursements. We note that the order under review did not affect defendant's obligation to continue to make all mortgage and real estate tax payments on the residence of the plaintiff wife (owned by him), together with all payments covering expenditures for the maintenance of utilities in the residence for electricity, fuel oil and water bills, as provided in the separation agreement. Since the weekly cash payments provided for in the separation agreement as alimony to the plaintiff wife and as support for the daughter were separately allocated, we distinguish this case in its factual aspects from *Nichols v Nichols* (306 NY 490) and *Olmstead v Olmstead* (24 AD2d 605, affd 18 NY2d 652), wherein the payments were lumped and unallocated. Martuscello, Acting P. J., Cohalan, Margett, Damiani and Rabin, JJ., concur.

■ AHMAD MUSTAFA, Respondent, v JARRAF FOOD STORES, INC., et al., Appellants.—In an action to recover a balance owing on a nonnegotiable note, commenced by a summons and motion for summary judgment in lieu of complaint, defendants appeal (by permission) from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated December 10, 1974, which affirmed a judgment of the Civil Court of the City of New York, Kings County, entered January 31, 1974, in favor of plaintiff, upon the grant of his motion. Order affirmed, without costs or disbursements, and with leave to defendants to apply to the Civil Court for reconsideration of the motion, provided the said application is made within 20 days after the service of a copy of the order to be entered hereon, with notice of entry thereof. Although no triable issue is shown by the papers in the record on this appeal, the affidavit and the exhibits therein, submitted to this court on defendants' application for leave to appeal, indicate that defendants may have a defense of payment. They claim that when they bought out the interest in the corporate defendant of plaintiff's cousins Mohammed and Musa Ahmed, guarantors of the subject note, Mohammed and Musa thereafter paid the balance due on the subject note to plaintiff. Under the circumstances, defendants should be permitted to present their contentions to the Civil Court on an application for reconsideration. Cohalan, Acting P. J., Damiani, Shapiro and Hawkins, JJ., concur.