■ SIDNEY KLEIN, Appellant-Respondent, v ROSLYN KLEIN, Respondent-Appellant.—Order, Supreme Court, New York County, entered January 29, 1976, denying plaintiff's application for custody of the parties' son, Peter, and for reduction of the amount payable to the defendant as and for alimony and support and which denied defendant's cross-application for an increase in alimony and child support; for modification by the establishment of funds for psychotherapy treatments for the children and for counsel fee, except that it granted the defendant's application to hold plaintiff in contempt for having willfully disobeyed the provisions of the judgment of divorce and fined plaintiff the sum of $1,875 with leave to plaintiff to renew his application after he had purged himself of contempt, unanimously modified, on the law and the facts and in the exercise of discretion, to the

extent of granting defendant's cross-application for counsel fee in the amount of $1,000; denying such application to hold plaintiff in contempt with leave to defendant to enter judgment for the arrears of $1,875 and as so modified, affirmed, without costs and disbursements. Study of the record discloses that defendant is entitled to payment by the plaintiff of a counsel fee of $1,000, to include payment for services rendered on this appeal (Domestic Relations Law, § 237). Plaintiff's actions necessitated the retention of counsel and defendant's assets do not preclude her from being awarded a counsel fee herein (see *Walker v Walker,* 18 AD2d 684). With respect to the arrears of $1,875, plaintiff avers that this sum constitutes the reductions taken since Peter left the defendant and came to live with plaintiff on June 7, 1975. Plaintiff initiated an application for custody of this child some one and one-half months after he came to reside with plaintiff on a permanent basis. However, plaintiff's unilateral reduction of child support was not proper (see *Nichols v Nichols,* 306 NY 490; *Olmstead v Olmstead,* 24 AD2d 605, affd 18 NY2d 652). Nevertheless, the circumstances are not imbued with the requisite intent to willfully disobey the provisions of the judgment so as to warrant holding plaintiff in contempt. It is, therefore, concluded that defendant is entitled in this regard to enter a judgment for such arrears. With respect to either downward or upward modification of the amounts payable as and for alimony and child support, there is no basis demonstrated in the record warranting such relief. Concur—Markewich, J. P., Kupferman, Lupiano, Birns and Lane, JJ.