(March 26, 1979)

■ MARCIA BERGSON, Respondent-Appellant, v MURRAY BERGSON, Appellant-Respondent.—In an action in which the plaintiff was granted a judgment of divorce, the parties cross-appeal from an order of the Supreme Court, Suffolk County, entered June 1, 1978, which, *inter alia,* awarded custody of one of the two children of the marriage to both parents jointly. Order modified, on the law and the facts, by (1) deleting the first three decretal paragraphs thereof and (2) substituting therefor a provision modifying the judgment of divorce by awarding custody of Robert Bergson to the defendant. As so modified, order affirmed, without costs or disbursements, and matter remanded to Special Term for proceedings consistent herewith. In the interim, all of the provisions of the first and third decretal paragraphs, and the provisions of the second decretal paragraph dealing with

child support, shall remain in full force and effect. There is substantial evidence in this record that the relationship between the parties is so acrimonious that an award of joint custody of their son is not feasible. Under the circumstances, it was error to make such an award (cf. *Braiman v Braiman,* 44 NY2d 584, 589-590). We note that the order under review provides that Robert, who is 15 years old, is free to decide with whom he will live and for how long. To lodge such discretion in the child would make him the focal point of family discord and subject him to undue pressure. This court is impressed with the testimony of the child who is precocious and perceptive. He appears to have a better, more objective, understanding of the family situation than do the parties. His desire to live with his father does not appear to have been based upon impulse, whim, or pressure from his father (cf. *Obey v Degling,* 37 NY2d 768, 771). His preference is therefore entitled to great weight (see *Matter of Calder v Woolverton,* 50 AD2d 587, affd 39 NY2d 1042; *People ex rel. Repetti v Repetti,* 50 AD2d 913). Such preference, when considered in light of the fact that he has lived with his father since February, 1977, and the apparent discord between him and his mother, are sufficient changes of circumstances to justify an award of custody to the father (cf. *Sandman v Sandman,* 64 AD2d 698). It is not improper to award support to a party not having legal custody of a child (cf. *Olmstead v Olmstead,* 24 AD2d 605, affd 18 NY2d 652; *Blauner v Blauner,* 60 AD2d 215, 218; *Markland v Markland,* 67 AD2d 940). However, the award to plaintiff for the boy's support was made in contemplation of a potentially fluid "joint custody" arrangement. In view of our decision granting custody of the child to the defendant, the issue of his support should be reviewed giving due consideration to the ability of each party to share the cost of supporting him (see, generally, *Matter of Carter v Carter,* 58 AD2d 438; *Bauer v Bauer,* 55 AD2d 895). For the same reason, the issue of visitation, with respect to the child, should also be reviewed. We have considered the other contentions of the parties and find them to be without merit. Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.