■ ELAINE JASLOW, Respondent-Appellant, v MARTIN JASLOW, Appellant-Respondent.—In a proceeding, *inter alia,* (1) pursuant to section 244 of the Domestic Relations Law to recover arrears in child support and alimony payments accruing under a judgment of divorce, and (2) for a wage deduction order pursuant to section 49-b of the Personal Property Law, the parties cross-appeal from stated portions of an order of the Supreme Court, Nassau County, entered March 7, 1979, which, *inter alia,* after a hearing, (1) granted that branch of plaintiff's motion which was for the entry of a judgment of arrears in the amount of $5,510, (2) granted that branch of plaintiff's motion which was for a wage deduction order, (3) modified the child support provisions of the judgment of divorce so as to require defendant to pay $173.07 biweekly for the support of Keith, (4) awarded counsel fees of $1,500 to plaintiff, (5) denied that branch of defendant's cross motion which was to set aside or reform the custody, support and alimony provisions of the separation agreement, and (6) failed to grant that branch of defendant's cross motion which was to modify the custody provisions of the divorce decree so as to award him custody of the younger of the parties' children. Cross appeal by plaintiff dismissed, without costs or disbursements. The cross appeal was not properly perfected in accordance with the rules of this court. Order modified, on the law, by deleting therefrom (1) the first decretal paragraph thereof and vacating the wage deduction order entered thereon, (2) the second decretal paragraph thereof and (3) from the eighth decretal paragraph thereof the sum of "$173.07" and substituting therefor the sum of "$115.39". As so modified, order affirmed insofar as appealed from, without costs or disbursements, and matter remanded to Special Term for further proceedings and the entry of an appropriate amended order consistent herewith. Plaintiff wife and the defendant were married in 1962 and have two children, Jeffrey and Keith, born in 1964 and 1967 respectively. In 1976 the parties agreed to separate and executed an agreement which, *inter alia,* gave plaintiff support for herself, custody of both children, and obligated the defendant to support the children to the extent of $6,000 annually at the rate of $3,000 per child, payable $230.77 biweekly. The agreement also provided that "All payments for the support and maintenance of each child shall terminate upon the [child's] * * * maintaining a permanent residence away from the residence of the Mother." The nonmerger provision pertinently read as follows: "If consistent with the rules and practice of the Court granting the Decree of Absolute Divorce, the provi-

sions of this Agreement or the substance thereof shall be incorporated in such Decree. This Agreement shall not be merged with such Decree but shall in all respects survive the same and be forever binding and conclusive upon the parties." The parties were divorced on May 10, 1977 by virtue of a judgment which also provided that their separation agreement "shall survive and shall not be merged in this judgment", awarded custody of both children to the plaintiff, and ordered the defendant to pay $230.77 biweekly for their support. There was no mention of the defendant's right to cease payment of child support should any of the children maintain a permanent residence away from that of the plaintiff. The defendant eventually moved to California, where he remarried. In 1977 and 1978, plaintiff's relationship with Jeffrey, the eldest son, deteriorated, and on June 12, 1978, he left plaintiff's household and went to join his father in California, where he has remained. Beginning on June 15, 1978, and without benefit of any modification of the divorce judgment, defendant reduced his biweekly payment for child support and alimony by $125 and then terminated all payments on August 1, 1978. At some subsequent point and before the date of the hearing on the instant motions, defendant made further payments which did not, however, equal the sums due under the divorce judgment. After the hearing, Special Term determined, *inter alia,* that plaintiff should have judgment for the full amount of arrears in child support and alimony accruing under the judgment of divorce less sums paid by defendant, that defendant should have custody of Jeffrey, and that future periodic child support payments should be reduced from $230.77 to $173.07. This reduction left the defendant with a child support obligation well in excess of what was required of him for the support of one child under the separation agreement. Citing *Klein v Klein* (53 AD2d 579), the court condemned the defendant's "unilateral decision to withhold payments directed in the judgment" and gave him no credit against the arrears which had accrued under the judgment while Jeffrey was living with his father. Special Term rationalized the refusal to reduce child support by the sum of $3,000 per year as provided for in the separation agreement by finding that many of plaintiff's fixed expenses would remain constant despite the fact that only one child remained with her. While the defendant's failure to pay alimony and to support Keith violated both the judgment and the separation agreement, there is no doubt that Jeffrey's removal entitled defendant to a greater reduction in his support obligation than what the court granted. Furthermore, to the extent that plaintiff sought to recover arrears in Jeffrey's support payments which accrued under the divorce judgment for the period after the boy established permanent residence with his father, her motion should have been denied. The separation agreement, valid and adequate when made, survived the judgment of divorce *(Goldman v Goldman,* 282 NY 296) and defendant was entitled to benefit from its provisions. The difficulty lies in the apparent conflict between the terms of the separation agreement and the provisions of the divorce judgment and defendant's reliance on the former without seeking judicial permission either to modify the latter or to obtain a modification *nunc pro tunc* (see *Karlin v Karlin,* 280 NY 32, 36). Nevertheless, Special Term could not, by ordering the payment of arrears under the divorce judgment, impair defendant's existing contractual right to terminate support for Jeffrey when the boy came to reside with him (cf. *Galusha v Galusha,* 116 NY 635). Since the divorce judgment contains no reference to the right to reduce support upon a child's removal, the defendant is in technical default in payments due for Jeffrey's support. We cannot, however, compel compliance with the child support provisions of the

judgment relative to Jeffrey as they presently exist. Under the policy of this court, incorporation by reference language must be omitted from judgments in order to avoid judicial sanction of improper and unenforceable provisions of separation agreements or misleading spouses into believing such provisions to be valid (22 NYCRR 699.9 [f] [4]). Therefore, the failure to insert reduction provisions or other contingency clauses in a decree does not reflect an intent to waive them if they continue to exist in a separation agreement which survives the decree. As long as the agreement itself stands unimpeached *(Christian v Christian,* 42 NY2d 63), and in the absence of circumstances which would justify a change in the terms relative to child support *(see Matter of Boden v Boden,* 42 NY2d 210), the agreement may not be modified by judicial action in derogation of its terms *(Goldman v Goldman,* 282 NY 296, *supra; Galusha v Galusha,* 116 NY 635, *supra).* As a consequence, the defendant cannot be required to make payments in excess of those contractually mandated. *Klein v Klein* (53 AD2d 579, *supra)* cited for the proposition that modification of the divorce decree is a condition precedent to defendant's right to reduce payments, is inapposite because no separation agreement was involved in that case. Finally, plaintiff has demonstrated neither need nor an unforeseen change in circumstances which would justify an order of child support in excess of the amount provided for in the separation agreement (see *Matter of Boden v Boden, supra),* nor does she claim that the agreement was inequitable when entered into. *(Matter of Boden v Boden, supra.)* Therefore, in accordance with the terms of the agreement, the defendant's child support obligation was limited, from the time Jeffrey went to live with him, to the payment of $3,000 annually for Keith. Because the record is insufficient for us to render the final mathematical computations as to arrears in child support, the case is remanded to Special Term for the entry of an appropriate amended order which should include a reduction in the amount of arrears and a new wage deduction order consistent herewith. Mollen, P. J., Damiani, Lazer and Margett, JJ., concur.