OPINION OF THE COURT
Alfred J. Weiner, J.
This is a petition for enforcement of a Supreme Court judgment of divorce. The respondent has filed a cross petition seeking a downward modification.
*2 A hearing on both petitions was held on April 25, 1980.
The judgment of divorce dated August 15, 1979, incorporated but did not merge a separation agreement executed between the parties. The agreement provided that the respondent is to pay $200 per week child support for the two infant issue of the marriage; James, born March 1, 1960, and Carl, born October 26, 1962. It further provided that the respondent is to pay $50 per week alimony when no child is eligible to receive support.
James, 20 years of age, attends college as a full-time student and is employed on a part-time basis. He does not reside with the petitioner.
Carl, 17 years of age, attends high school and has been residing with the respondent since February 25, 1980.
The pertinent provisions of the separation agreement provide as follows:
“Paragraph 7: The wife shall have custody of the infant issue, James and Carl * * *
“Paragraph 8: The husband shall make the following payments to the wife * * * for her support and for the support and maintenance of the children, even if the children reside away from the wife’s residence* based upon the husband’s representation that his present base salary is $26,000 per annum.
“(a) The sum of $200.00 per week * * * for support of the issue of the marriage until no child is under 18, emancipated or in the military service.* However, should any child attend school pursuant to subpar. (1), such support shall continue until 22, unless such child is sooner graduated, provided, however, that the amount of monthly support shall be modified as * * * set forth in subpar. (1) and (2).
“1. Should any of the children continue their education at a college * * * the husband agrees * * * to continue their support to 22 and in addition * * *
“(e) Commencing at the time no child is eligible for support and maintenance as aforesaid, the husband agrees to pay the wife, for her support and maintenance, the sum of $50.00 per week* until such time as the wife shall remarry or die.”
*3 “Absent a showing of an unanticipated and unreasonable change in circumstances, the support provisions of the agreement should not be disturbed”. (Matter of Boden v Boden, 42 NY2d 210, 213.) The court finds, however, that the parties did not contemplate the change of physical custody of Carl from the petitioner to the respondent.
The failure to include a contingency clause modifying child support based on change of custody to the father in the separation agreement does not preclude this court from determining that the parties did not foresee such event to occur when they entered into the agreement. It was certainly not the intention of the parties for the father to continue making these $200 weekly child support payments to the mother while the father had physical custody of one of the children and was supporting him.
A contrary result would be reached where alimony and child support are unallocated. “Where * * * a separation agreement provides for monthly unallocated alimony and support payments to the wife, which may be reduced under certain conditions, it is only those conditions, and no others not stated, which will permit such reduction.” (Stern v Stern, 41 AD2d 676; see, also, Nichols v Nichols, 306 NY 490.)
However, a distinction should be made where alimony and support payments provided for in the separation agreement are separately allocated. (McMullan v McMullan, 51 AD2d 771.) Paragraph 8 of the separation agreement specifically allocates $200 per week child support and $50 per week alimony when no child is eligible for support. This constitutes a specific allocation for child support and alimony.
Accordingly, the uncontemplated change in physical custody of one of the children of the marriage warrants a downward modification of the child support provisions incorporated in the judgment of divorce, from the time this child has been residing with the respondent.
The respondent is responsible for the support of the child, James, since he is still a full-time student under the age of 22. His emancipation has not been proven by the respondent.
*4 The respondent has only paid child support in the sum of $150 per week from August 15, 1979, until October 25, 1979. Subsequent to that date, he has paid the sum of $50 per week.
The court finds that arrears have accrued under the decree in the sum of $50 per week from August 15, 1979, until October 25, 1979, and in the sum of $150 per week from October 25, 1979, until February 25, 1980, for a total sum of $2,550.
Testimony has been elicited as to the respondent’s income and the court finds it is approximately the same as when the parties executed the agreement. No proof has been offered at the hearing as to the present financial needs of the child, James. Accordingly, this proceeding is adjourned for a support hearing to determine the needs of James, the financial circumstances of the respondent, and an appropriate order of child support.

 Emphasis added.