■ ARNOLD I. LOEW, Respondent, v HELEEN LOEW, Appellant. — Appeal from that part of an order of the Family Court of Broome County (Whiting, Jr., J.), entered June 19, 1980, which directed defendant to pay $120 per week in child support. Although the parties' separation agreement, which did not merge in their subsequent divorce, plainly envisioned that some of the wife's alimony would be devoted to the support of the children, in this case we do not find the later change in that custodial arrangement to be a sufficiently unanticipated or unreasonable change in circumstance to justify a departure from that accord (cf. *Matter of Boden v Boden,* 42 NY2d 210, 213). Considering the age of the children, the fact that the husband had agreed to bear the expense of their college education, the termination of the support payments fixed by the agreement when he obtained custody and, particularly the absence of any provision for a reduction in alimony should they become emancipated or no longer reside with their mother, it would appear that the terms of the agreement were fully intended to cover all the needs of the children. Moreover, while both parents share in the responsibility to support their children (Family Ct Act, § 413), there was no showing here that this obligation was not being met or could not be met by the husband. Accordingly, the order appealed from should be modified by reversing the portion that directed the mother to make child support payments (see *Matter of Bender v Bender,* 72 AD2d 745). Order modified, on the law and the facts, by reversing so much thereof as directed defendant to make child support payments, and, as so modified, affirmed, with costs. Sweeney, J. P., Kane and Mikoll, JJ., concur.

Main and Yesawich, Jr., JJ., dissent and vote to affirm in the following memorandum by Yesawich, Jr., J. Yesawich, Jr., J. (dissenting). This is not an attempt to disturb existing support obligations contained in a separation agreement, for there is no provision in the agreement respecting the parties' responsibilities to provide support in the unforeseen circumstance that the father became the children's custodian. Custody having been shifted from the mother to the father and both parents now being statutorily chargeable with supporting the children, each, according to their means, can be required to contribute a fair and reasonable sum, as the court may determine and apportion, to support them (Family Ct Act, § 413). Here, what the father sought, and had a right to obtain, was a determination fixing the amount of the mother's contribution to the children's support. When the parties' needs and

financial resources are considered, the Family Court cannot be faulted for apportioning that support obligation as it did. Even if the separation agreement were to be read as containing child support provisions which should not be freely disregarded, we mark the change of custody as such an unforeseen contingency as to warrant modification of the agreement *(Yeackel v Lindstead, 67 AD2d 755; Hooghuis v Hooghuis, 106 Misc 2d 1)*. That such a change was truly unexpected is apparent from the record. It discloses that in the course of negotiations leading to execution of this separation agreement, drafts and counterdrafts were exchanged. A draft, calling for joint custody, was rejected because the mother simply would not allow the father to have the children. And when she ultimately turned custody of them over to him, she announced this was comparable to "cutting off her right hand". The agreement itself also lends support to the conclusion that a custody change was not contemplated. A portion of the agreed monthly alimony payment of $1,675 was to be used by the mother for child support. When and if alimony was terminated, the father's child support payments were to increase from $75 to $250 a month per child. This $525 monthly increment suggests that each alimony installment included child support payments in that amount. If a change in parental custody was indeed contemplated by the parties, it is unimaginable, in this carefully drawn instrument, why provision was not made to cover that event together with a corresponding reduction in alimony. Elementary fairness dictates that, to the extent the mother actually applied alimony payments to support the children when they were residing with her, she be considered to have been paying for their support. It is, therefore, difficult to see what valid objection there can be to the Family Court's decision requiring her to continue to contribute to their support; and more specifically, in the amount it decreed. The parties' net worths are substantially equal and the mother's annual income of approximately $34,000 represents 24% of the combined annual income of both parents. She was directed to pay $40 per week per child as child support, which represents 24% of the estimated weekly expenses of each child. On an annual basis, this essentially equals the $6,300 of annual child support included in the alimony payments. Clearly the apportionment ordered was fair and proper and an affirmance is appropriate.