OPINION OF THE COURT
Bernard F. McCaffrey, J.
The issue before this court is apparently one of first impression in that the defendant has taken an appeal from a pendente lite order dated April 22, 1982 (Balletta, J.) which directed payment by defendant of $1,500, as and for additional accountant’s fees in this action, and for discovery of defendant’s financial books and records to establish the value of her husband’s ownership interest in his medical practice for purposes of equitable distribution, or an equitable distributive award; and plaintiff is seeking attorney’s fees to defend against the appeal.
The fact two prior Justices referred pendente lite counsel fees to the trial court constituted neither a legal or policy impediment upon this court to award pendente lite counsel fees upon a proper showing.
The issue of counsel fees for the defense of the appeal is quite different from the issue of counsel fees for the prosecution of the action-in-chief.
This motion by plaintiff for an order directing defendant to pay for legal services to defend against an appeal instituted herein by the defendant, is granted to the extent hereinafter indicated.
*720 By order dated April 22, 1982 (Balletta, J.), this court directed that defendant make all financial books and records available to plaintiff’s accountant at least two, but no more than three days per week until discovery is complete. The defendant was also directed in said order to pay plaintiff the sum of $1,500 as additional accountant’s fees to accomplish this, with the balance of accountant fees required referred to the trial court. It is this order which defendant has appealed. Previously, pursuant to order dated October 26, 1981 (Burstein, J.) defendant was directed to pay, pendente lite, the sum of $1,500 towards accountant’s fees, $500 toward pension actuary fees, and $350 for a real estate appraiser. The defendant moved to reargue the order dated April 22, 1982, and upon reargument and reconsideration the court adhered to its original determination.
Plaintiff needs the discovery sought in order to establish the value of her husband’s ownership interest in his medical practice for purposes of equitable distribution, or an equitable distributive award. To do this, the accountant retained must ascertain the accounts receivable, the value of work in progress, any appreciation in the true worth of tangible personal property over and above book value, together with good will.
To preclude plaintiff from adequately participating in this appeal is to effectively limit her capacity to preserve what has already been obtained by decree of this court.
Based upon the respective financial circumstances of the parties, plaintiff is entitled to the relief sought herein. According to plaintiff’s financial affidavit the plaintiff’s assets are not liquid; whereas, defendant, an orthopedic surgeon, said to be earning in excess of $150,000 per annum, has approximately $500,000 in stocks. Plaintiff earns $25 per week in secretarial work and receives alimony of $350 per week, pendente lite, in addition to which defendant is required to pay the carrying charges and expenses of the marital abode.
Plaintiff has shown the prerequisite financial incapacity which entitles her to the relief sought herein; the defendant has the financial ability to pay the sum fixed by the *721 court. (See Mittman v Mittman, 30 AD2d 867, affd 24 NY2d 826; Klein v Klein, 53 AD2d 579, app dsmd 40 NY2d 582; see, also, Miraldi v Miraldi, 37 AD2d 842.)
The fact plaintiff’s requests for counsel fees in prior pendente lite motions were referred to the trial court is of no significance, as the ability of the plaintiff to defend against the appeal taken by defendant is a matter entirely separate and apart from the prior motions.
Defendant shall pay the plaintiff the sum of $2,275 toward counsel fees in defense of the appeal, as well as printing costs incurred relative thereto, with leave to plaintiff to apply to the trial court for any additional fee. Payment of counsel fees shall be made within 10 days after service upon defendant of a copy of the order to be entered herein. Payment of the printing costs shall be made upon the presentation to defendant’s attorney of a bill for same.