■ JOAN C. LEWIN, Respondent, v ARTHUR H. LEWIN, Appellant. — In a matrimonial action in which the plaintiff wife obtained an uncontested judgment of divorce against the defendant husband, the defendant appeals, as limited by his notice of appeal and brief, from so much of an order of the

Supreme Court, Nassau County (Oppido, J.), dated April 26, 1982, as granted those branches of plaintiff's motion which sought a money judgment representing support and alimony arrears through April 16, 1982 in the sum of $1,720, and counsel fees in the sum of $750. Order reversed insofar as appealed from, on the law, without costs or disbursements, that branch of plaintiff's motion which sought a money judgment for arrears in support and alimony is denied, and that branch of said motion which sought an award of counsel fees is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith. Plaintiff wife and the defendant husband were married on June 22, 1957 and have three children, Michael, Peter and Andrew, born in 1958, 1960 and 1963, respectively. The parties entered into a separation agreement on July 19, 1978 and thereafter the marriage was terminated by an uncontested judgment of divorce, dated October 25, 1978. The judgment awarded custody of the children to the plaintiff and provided, *inter alia*, for unallocated child support and alimony in the sum of $240 per week, which was the same figure contained in the separation agreement. Article VI of the separation agreement provided, among other things, that the defendant would pay for the private, boarding, high school education of Andrew, and that in the event Andrew attended a public, as opposed to a private, high school, the monthly payments would be increased by an unspecified amount, to be agreed upon by the parties, or if they could not agree, to be determined by arbitration. The purpose of the additional support was to compensate plaintiff for "the additional expense of Andrew residing with her" while attending public high school. When Andrew started attending public high school in the fall of 1978, the parties could not agree upon the amount of the additional support and therefore submitted the matter to arbitration. The arbitration award, made on August 20, 1979, *inter alia*, (1) set the additional support at $40 per week commencing July 27, 1979 and (2) awarded plaintiff $800 in arrears from November 6, 1978 to July 25, 1979. By order of the Supreme Court, Nassau County, dated March 25, 1980, the judgment of divorce was modified to conform to the arbitrator's award by, *inter alia*, increasing the unallocated support and alimony by $40 to $280 per week and awarding $800 in arrears. When Andrew graduated from high school in June, 1981, defendant unilaterally reduced his support payments back to $240 without first obtaining a modification of the divorce judgment. Defendant made the reduction in reliance on the separation agreement. Plaintiff does not contest any of the payments made prior to June, 1981 and she concedes that since June, 1981 she has received $240 per week. Plaintiff brought this motion, *inter alia*, to obtain a money judgment for arrears amounting to the $40 per week reduction. By the order appealed from dated April 26, 1982, Special Term granted that branch of plaintiff's motion and also awarded her $750 in counsel fees. The court reasoned that defendant was improperly attempting to collaterally attack the arbitration award (citing 8 Weinstein-Korn-Miller, NY Civ Prac, par 7510.14, p 75-189). We do not agree. This case involves the relationship between a separation agreement, which is not merged with a judgment of divorce, and the subsequent modification of said judgment. It is well established law that a separation agreement which survives a judgment of divorce is not modified by a modification of the divorce decree (see *Kleila v Kleila,* 50 NY2d 277; *Murphy v Murphy,* 84 AD2d 873). The separation agreement in the present case called for an increase in support for Andrew *"while* he attends Public High School" (emphasis added). Defendant paid the additional amount, as set by the arbitrator, during the existence of the contingency. The contingency having come to an end, defendant was entitled, pursuant to rights established by the agreement, to have the additional $40 per week in support for Andrew deleted from

the amended judgment of divorce (see *Jaslow v Jaslow*, 75 AD2d 876; cf. *Kleila v Kleila, supra; Goldman v Goldman*, 282 NY 296). As this court stated in *Jaslow v Jaslow* (*supra*, pp 877-878): "The separation agreement, valid and adequate when made, survived the judgment of divorce (*Goldman v Goldman*, 282 NY 296) and defendant was entitled to benefit from its provisions. The difficulty lies in the apparent conflict between the terms of the separation agreement and the provisions of the divorce judgment and defendant's reliance on the former without seeking judicial permission either to modify the latter or to obtain a modification *nunc pro tunc* (see *Karlin v Karlin*, 280 NY 32, 36). Nevertheless, Special Term could not, by ordering the payment of arrears under the divorce judgment, impair defendant's existing contractual right[s] * * * (cf. *Galusha v Galusha*, 116 NY 635)." Accordingly, Special Term erred in awarding judgment to plaintiff based upon defendant's refusal, after Andrew graduated from high school, to make payments in excess of the contractually mandated $240 per week. Finally, an application for a counsel fee must comply with section 699.11 of the rules of this court (22 NYCRR 699.11), with respect to the official form required to be filed (see *Steinman v Steinman*, 87 AD2d 649). That branch of plaintiff's motion which sought counsel fees is therefore remitted to the Supreme Court, Nassau County, to be placed on the calendar only after plaintiff files her affidavit on the required form. Titone, J. P., Gibbons, Thompson and Niehoff, JJ., concur.