■ GLADYS BIAMBY, Respondent, v JEAN E. BIAMBY, Appellant.—In a matrimonial action, the defendant husband appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Miller, J.), entered August 15, 1984, which, after a hearing, (1) denied his motion to modify a prior judgment of divorce between the parties so as to grant him custody of their three children, (2) granted those branches of the plaintiff wife's cross motion which were for a judgment for arrears in child support in the sum of $4,320 and an award of counsel fees in the sum of $1,500, and (3) sua sponte increased defendant's child support obligations.

Order and judgment reversed, with costs, and matter remitted to Special Term for further proceedings in accordance herewith. Said proceedings are to be conducted by a Justice other than the one who made the order and judgment under review.

Special Term erred in granting plaintiff the full amount of unpaid support payments in light of its factual finding that defendant's visitation rights were pervasively interfered with. A noncustodial parent's right to visitation is a right more precious than any property right (see, Entwistle v Entwistle, 61 AD2d 380, 384, appeal dismissed 44 NY2d 851) and the custodial parent should not ordinarily be allowed to enjoy the benefits of a support order when visitation is being denied (Courten v Courten, 92 AD2d 579; Matter of Giacopelli v Giacopelli, 82 AD2d 806, appeal dismissed 54 NY2d 787). Since this record indicates that a reduction of arrears would not be inimical to the children, the arrears should be reduced

to reflect the periods when visitation was denied. Furthermore, Special Term apparently failed to consider the extent to which the arrears should have been reduced by (1) the admittedly gratuitous support rendered by plaintiff's parents, who neither requested nor expected reimbursement *(see, e.g., Maule v Kaufman,* 33 NY2d 58), and (2) defendant's set-off claims. Similarly, it was error to grant that branch of plaintiff's cross motion which was for attorney's fees (Domestic Relations Law § 237) in the absence of filed net worth statements or an examination of plaintiff's ability to pay her attorney *(see, Entwistle v Entwistle,* 92 AD2d 879; *Lewin v Lewin,* 91 AD2d 649; 22 NYCRR 699.11).

On the issue of custody, we find that defendant made a sufficient showing of extraordinary circumstances to warrant review of the issue of custody *(see, e.g., Matter of Bennett v Jeffreys,* 40 NY2d 543). However, the hearing held here was far too cursory to allow full review of the broad range of circumstances applicable to this issue *(see, Eschbach v Eschbach,* 56 NY2d 167).

Consequently, a new hearing is required to (a) calculate the amount of arrears, if any, owed to plaintiff, (b) obtain a full examination of that branch of plaintiff's cross motion which was for attorney's fees upon the filing of the necessary official forms (22 NYCRR 699.11), and (c) proceed with a reexamination of defendant's motion for a change of custody.

Finally, upon a motion to obtain custody or to enforce a right of visitation, the court may *sua sponte* alter the provisions for support of a child as justice requires (Domestic Relations Law § 240). Nonetheless, where support obligations are established by a valid contractual agreement which is incorporated but not merged in the parties' judgment of divorce, the bargained-for support obligations should not be altered "[a]bsent a showing of an unanticipated and unreasonable change in circumstances" *(Matter of Boden v Boden,* 42 NY2d 210, 213; *cf. Lewin v Lewin, supra).* No such change of circumstances is apparent upon this record. Therefore, Special Term's modification of defendant's child support obligations cannot be sustained. Defendant's support obligations may be reexamined should the facts at the new hearing indicate a change of circumstances. Niehoff, J. P., Lawrence, Eiber and Kooper, JJ., concur.