■ GRACE A. LAMBERTI, Respondent, v JOHN LAMBERTI, Appellant.—

The parties' separation agreement, which was not merged in the judgment of divorce, provided, in pertinent part, that the defendant was to pay the plaintiff wife the sum of $250 per month for her support and maintenance. The defendant was also to pay an additional sum of $225 per month to the plaintiff, to be used to pay certain utility bills such as electricity for the marital residence, which included a rental unit. The defendant was to receive the rental income, if any, and pay other carrying charges of the marital residence. Consequently, absent the defendant's consent, and as long as the agreement remained unimpeached, the Supreme Court could not modify or alter the term regarding the payment of the heating and electric bills for the marital residence, which included the rental unit (see, *Goldman v Goldman,* 282 NY 296; *Gold v Gold,* 156 AD2d 874; *Surlak v Surlak,* 95 AD2d 371, 380; *Lewin v Lewin,* 91 AD2d 649; *Jaslow v Jaslow,* 75 AD2d 876; *Vranick v Vranick,* 41 AD2d 663). Moreover, the Supreme Court could not, by modifying the divorce judgment to provide for the defendant's payment of one third of the heating and electric bills, impair the defendant's existing contractual rights (see, *Lewin v Lewin, supra,* at 650-651; *Jaslow v Jaslow, supra,* at 877).

Accordingly, the provisions directing the defendant to pay one third of the heating and electric bills for the marital residence for the months December 1987 through February 1988 and thereafter for the months during which the unit in the marital residence is rented by him to a tenant should be deleted from the order dated March 27, 1989, and the prior order dated April 14, 1988. The parties shall comply with the agreed terms for the payment of carrying charges and utility bills as set forth in their separation agreement. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.