■ ALBERT TANCHICK, Respondent, v LINDA C. TANCHICK,

Appellant.—Order unanimously affirmed without costs. Memorandum: The court properly determined that defendant has no interest in the Social Security bridge payments and special separation allowance payable to plaintiff under Kodak's Resource Redeployment and Retirement Plan. Because plaintiff's right to receive the enhanced retirement benefits did not exist prior to commencement of the divorce action, the Social Security bridge payments and special separation allowance are plaintiff's separate property *(see, Biddlecom v Biddlecom,* 113 AD2d 66, 69). Although calculation of the amount of plaintiff's benefits is based upon his years of service, the payments do not represent a form of deferred compensation *(cf., Dolan v Dolan,* 78 NY2d 463). Rather, the enhanced retirement benefits are provided in lieu of future compensation, as an incentive to early retirement. Therefore, the Social Security bridge payment and special separation allowance do not represent "property acquired * * * during the marriage" (Domestic Relations Law § 236 [B] [1] [c]; *see, Biddlecom v Biddlecom, supra).* (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Modify Qualified Domestic Relations Order.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.