Virgil E. **BRILL**, Petitioner–
Respondent,

v.

Judith M. **BRILL**, Respondent–
Appellant.

No. 23944.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 29, 2002.

Walter E. Williams, Joplin, for appellant.

Phillip D. Greathouse, Blanchard, Robertson, Mitchell & Carter, P.C., Joplin, for respondent.

KENNETH W. SHRUM, Presiding Judge.

This is a domestics relations case in which Judith Brill ("Wife") appeals from the judgment dissolving her marriage with Virgil Brill ("Husband"). Wife's first two points charge the trial court committed reversible error when it failed to dispose of all property as required by § 452.330.1, specifically, a severance pay contract between Husband and his employer.[1] Wife claims the trial court's failure to consider and dispose of the agreement resulted in an inequitable property division, and the judgment was not final. In her other three points, Wife claims the trial court erred in setting the amount of her maintenance, child support awards, and attorney fees award.

Husband concedes there is error in the child support award because he was given credit on Form 14 for more maintenance than he was ordered to pay; consequently, the child support awarded is less than that mandated by statutory guidelines. Because the record is sufficient for us to do so, we enter judgment for the amount of child support that the trial court should have entered. *See* Rule 84.14.[2] As thus amended, we affirm the judgment of the trial court.

## FACTS

Husband and Wife were married on June 24, 1983. The couple worked for Empire District Electric Company ("Empire") which had a policy that disallowed married persons to both work for the business at the same time. Consequently, Wife quit her job as an accounting clerk. One of her primary responsibilities as homemaker was the rearing of the couple's only child, Christopher, who was born on September 6, 1984. Later during the marriage, Wife worked part time at Missouri Southern State College, from 1993–1995, with her highest annual earnings at $3,100. In 1999, Wife returned to Missouri Southern State College to finish her business degree and was enrolled there at the time of the dissolution hearing. According to Wife's testimony, she was not employed at the time of trial, but had applied for at least one position.

At the time of trial, Husband had just completed thirty-eight years of employment with Empire and was "[v]ice-president of energy supply." His 1999 W–2 from Empire listed his taxable income for

---

1. All statutory references are to RSMo (2000), unless otherwise indicated.

2. All rule references are to Missouri Court Rules (2001) unless otherwise stated.

that year at \$140,636.99. In June of 1996, Husband signed a "Severance Pay Agreement" with Empire. According to Husband's testimony, the plan provided for a conditional severance package equal to three times his salary if there was a change in control in the company that resulted in his voluntary or involuntary termination from employment.

Nearing the end of this seventeen-year marriage, Wife had affairs with two different men, David Powell and Rodney Hickman. Suspecting infidelity, Husband decided to file for divorce and did so on November 5, 1999. Wife answered the petition and filed her own counter petition for dissolution on December 6, 2000. Both parties asked for joint legal custody of Christopher, to be the primary physical custodian, and receive child support. In addition, Wife asked for maintenance and attorney fees.

After a three-day trial in the summer of 2000, the trial court entered a judgment dated October 5, 2000, that essentially divided equally marital property valued in excess of \$500,000. The severance pay agreement, however, was not considered or disposed of in the property distribution. As part of the custody provisions, the court ordered Husband to pay \$852 per month in child support. The court further ordered Husband to pay Wife maintenance of \$925 per month and \$1,500 toward her attorney fees.

Responding to Wife's request for findings of fact regarding "[w]hether ... [Husband] has an employment contract, which provides for up to three (3) years of continued salary in the event of [Husband]'s loss of employment[,]" the court answered, "He does in defined circumstances under the contract." The trial judge also made a finding that Wife had improper relationships with both Rodney Hickman and David Powell, which led to a

reduction of \$275 per month in the maintenance award. Other findings included that Wife's reasonable needs were \$3,400 to \$3,750 per month, and Wife could support herself and obtain employment as a sales clerk, secretary, or management trainee at a rate of \$10 to \$12.50 per hour. Initially, Husband and Wife both timely appealed, but Husband subsequently abandoned his appeal.

## DISCUSSION

Initially, we consider Husband's complaint that Wife's statement of facts does not comply with Rule 84.04(c). Under that rule, "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Husband is correct that Wife's statement of facts is argumentative, omits facts, and addresses testimony in a manner that is favorable to her. Husband's statement of facts, however, suffers from the same fault. We use our discretion to proceed with the appeal on its merits.

## STATUS OF SEVERANCE PAY PLAN

In her first point on appeal, Wife claims that the trial court erred in failing to dispose of all property as required by § 452.330. Wife claims that Husband had an interest in the severance pay agreement and that failing to consider and dispose of it in the property distribution resulted in an inequitable division of marital property.

When reviewing dissolution of marriage proceedings, we consider "the evidence in the light most favorable to the trial court's decision." *In re Marriage of Pahlow,* 39 S.W.3d 87, 90[1] (Mo.App. 2001). It is the burden of the party who challenges the judgment to show error. *Id.* at 90[2]. The trial court's judgment will be upheld "unless there is no substan-

tial evidence to support the decision, the decision is against the weight of the evidence, or the decision erroneously declares or misapplies the law." *Id.* at 90[3]. Credibility of the parties and witnesses is for the trial court to determine and the trial judge may believe all, part, or none of any witness's testimony. *Id.* at 90[4].

Within a dissolution of marriage proceeding, a trial court is to "set apart to each spouse such spouse's nonmarital property and ... divide the marital property and marital debts ... after considering all relevant factors." § 452.330.1. With a few exceptions not relevant here, marital property essentially refers to "all property acquired by either spouse subsequent to the marriage." § 452.330.2.

▬ To classify property as marital or nonmarital, Missouri uses an analytical approach or a replacement analysis. *Mistler v. Mistler,* 816 S.W.2d 241, 249–250[2] (Mo. App.1991). Under the replacement analysis, the questioned asset, property, or benefit is classified based upon what it is meant to replace. *In re Marriage of Thomas,* 21 S.W.3d 168, 173[2] (Mo.App. 2000). To illustrate, if a dissolution litigant receives disability payments and such payments are meant as a substitute for future lost earnings, "they are the same as post-dissolution earnings and are nonmarital property." *Id.* Missouri courts analyze disability severance pay in the same fashion. The courts hold that if such benefit is a replacement for future loss of earnings, it is appropriately classified as nonmarital property. *See In re Marriage of Flud,* 926 S.W.2d 201, 205 (Mo.App.1996).

No Missouri case has addressed the question of how a potential severance pay benefit should be classified when, as here, the severance pay is conditioned on merger or change in control of a litigant's corporate employer, and this event has not occurred at the time of trial. Other states,

however, have done so, and in most instances, have used an analysis similar to that found in *Mistler, Thomas,* and *Flud.* Thus, in *Luczkovich v. Luczkovich,* 26 Va. App. 702, 496 S.E.2d 157, 160 (1998), a Virginia appellate court noted that in several states "the touchstone of the classification is whether severance pay was intended to compensate the employee for efforts made during the marriage or to replace post-separation earnings." The *Luczkovich* court's holding and its review of case authority on classification of severance pay includes the following:

"The nature of post-separation severance pay as replacement for post-separation wages supports a classification of separate property.

    . . . .

*"In re Marriage of Bishop,* 46 Wash. App. 198, 729 P.2d 647, 649 (1986) (severance pay is separate property and distinguishable from deferred compensation). *Accord In re Marriage of Holmes,* 841 P.2d 388 (Colo.App.1992) (although based on length of service provided during the marriage, severance payment is conditional on termination and replaces expected loss of income, therefore it is separate property). *See also Ryan v. Ryan,* 261 N.J.Super. 689, 619 A.2d 692, 695 (Ch.Div.1992) (severance payment where amount was based on husband's past services to employer was compensation for past labor and therefore marital property. However, '[i]f the payment [had been] intended to replace post-marital earnings, it [would be] separate property.'). Additionally, severance pay is 'a mere expectancy'; it has no value until the termination of employment. *Bishop,* 729 P.2d at 650. Consequently, when termination does not occur during the marital partnership and the right to severance pay is not established during the marriage, sever-

ance pay is separate property. *See Biddlecom v. Biddlecom*, 113 A.D.2d 66, 495 N.Y.S.2d 301 (N.Y.App.Div.1985) (severance pay is husband's separate property because the right to receive the payout did not exist prior to the commencement of the divorce action)."

*Id.* at 160.

Wife, who also cites the *Luczkovich* case, argues the heart of the analysis lies in the fact that the agreement itself uses language that attributes the benefit to Husband's previous work with and dedication to the company. Therefore, Wife claims that the severance pay agreement is not meant to replace future loss of earnings, but rather, to compensate for service Husband has already given during the marriage. The problem for Wife is that the trial court expressly found the severance pay contract was a substitute for Husband's future lost wages and implicitly found it was not earnings for work performed during marriage. As recounted earlier, Wife requested a finding of "[w]hether ... [Husband] has an employment contract which provides for up to three (3) years of *continued salary in the event of* [Husband]'s *loss of employment*[,]" and the court found, "He does in defined circumstances under the contract." This finding is unchallenged on this appeal. Consequently, no issue as to what the severance pay agreement was meant to replace is before this court. *See In re Marriage of Whittier*, 734 S.W.2d 949, 958 (Mo.App.1987).

On this record, we find the *Luczkovich* case and the authority cited therein supports Husband's argument and is consistent with analogous cases in Missouri such as *Mistler, Thomas*, and *Flud*. Based on the trial court's unchallenged finding that the severance pay contract merely provides a substitute for possible lost earnings in the future, it is the same as post-dissolution earnings and is nonmarital within the meaning of § 452.330. *See Thomas*, 21 S.W.3d at 173[2]; *Flud*, 926 S.W.2d at 205. *See also In re Marriage of Medlock*, 749 S.W.2d 437, 441 (Mo.App.1988); *Sherman v. Sherman*, 740 S.W.2d 203, 206–7 (Mo. App.1987). Accordingly, the trial court did not err when it implicitly found that the possibility of such payment being made *in futuro* need not be considered in striking a fair and equitable division of marital property. Wife's first point is denied.[3]

## FAILURE TO DISPOSE OF ALL MARITAL PROPERTY

Wife's second point on appeal is related to the first in that she claims the trial court erred in failing to dispose of all the property as required by § 452.330 by not considering, valuing, or disposing of the severance pay agreement as a marital asset. Wife argues, therefore, the judgment was not final.

Due to our holding in Point I, it necessarily follows the trial court did not err as Wife contends in Point II. Point II is denied.

## MAINTENANCE AND ATTORNEY FEE AMOUNTS

■ In Point III, Wife charges the trial court committed reversible error when it awarded her only $950 per month as maintenance. In Point V, Wife complains the trial court erred in awarding her only $1,500 in attorney fees. Having thorough-

---

**3.** *Dillard v. Dillard*, 28 Ark.App. 217, 772 S.W.2d 355 (1989), *Prescott v. Prescott*, 736 So.2d 409 (Miss.App.1999), and *Morris v. Morris*, 951 S.W.2d 739 (Mo.App.1997), cases cited by Wife, do not support her argument because in each case the husband/employee had left his respective employment and became entitled to severance pay before the divorce was granted. Those are not the facts of this case.

ly reviewed Wife's contentions, we find the judgment of the trial court relating to maintenance and attorney fees is supported by substantial evidence and is not against the weight of the evidence. Moreover, no error of law appears with regard to the trial court's judgment on maintenance and attorney fees. Because an opinion relating to the maintenance and attorney fee issues would have no precedential value, we dispose of those issues (Points III and V) by memorandum decision as permitted by Rule 84.16(b). This court's affirmance of the maintenance and attorney fees issues is in compliance with that rule. A copy of this court's memorandum discussing and disposing of Points III and V has been furnished to the parties.

## CHILD SUPPORT ISSUE

In her fourth point on appeal, Wife alleges the trial court erred in its calculation of child support. She points to Form 14 used by the trial court which gave Husband an adjustment of "$2,250.00" for maintenance paid per month when the court only awarded her an amount of $925 per month. Husband concedes the trial court erred.

Rule 84.14 gives this court authority to enter the judgment which the trial court should have entered in order to finally dispose of a case. By correctly entering the adjustment of $925 per month for maintenance, the correct child support amount calculates to $960 per month. We amend that portion of the judgment which required Husband to pay only $852 per month to correctly reflect that calculation.

We reverse the trial court's award of child support in the amount of $852 per month. Pursuant to Rule 84.14, this court enters judgment for Wife and against Husband for child support in the amount of $960 per month. As amended, the judgment is affirmed.

MONTGOMERY, J., and BARNEY, C.J., concur.