SAVANNAH BANK & TRUST CO. *et al,* executors, *v.* MASON.

No. 17964. ARGUED SEPTEMBER 8, 1952—DECIDED OCTOBER 14, 1952.

*Gazan, Walsh & Bernstein,* for plaintiffs in error.

*Sullivan & Maner,* contra.

HEAD, Justice. Item 5 (c) of the will of the deceased does not purport to make a gift to the plaintiff, and his contention that he has a "legacy" under this provision of the will is without merit. A legacy is a gift of personalty by will. Code, § 113-808; Redfearn on Wills and Administration of Estates (Rev. Ed.) 234, § 144; 2 Bouvier's Law Dictionary (3d Rev.) p. 1900; Webster's International Dictionary (2d Ed.) p. 1411.

Subsection (c) provides that the plaintiff "shall be paid a salary" so long as he shall serve as manager of a named business. A salary is compensation for services rendered. 2 Bouvier's Law Dictionary (3d Rev.) p. 2983; Webster's International Dictionary (2d Ed.) p. 2203.

The plaintiff contends that the general demurrer admits the allegation of his petition to the effect that he was devised a legacy of $75 per week. A general demurrer admits only well-pleaded facts. Conclusions of the pleader are never admitted by a general demurrer. In this case the language of the will relied upon as establishing a legacy is set forth in the petition, and clearly shows that the trustee named in the will was directed to pay the plaintiff a "salary." Since the assertion that he was

devised a legacy of $75 a week is in conflict with the unambiguous provision of the will, the allegation that he was devised a legacy amounts to no more than a conclusion of the pleader.

The plaintiff's action being limited to the recovery of a "legacy," and no legacy having been given to the plaintiff under the terms of the will of the deceased, the trial court erred in not sustaining the general demurrer to the petition. The plaintiff made no contention that any amount is due him as salary, and the question of whether or not he might be entitled to recover some amount over and above the "salary" paid him was not at issue before the court.

*Judgment reversed. All the Justices concur.*