## 31671. BOYETT v. LANDON.

HILL, Justice.

The ex-wife appeals from an order of Fulton Superior Court refusing to hold her former husband in contempt for failure to increase child support as allegedly required by an escalation clause in their divorce decree.

The parties were divorced in 1971. Their agreement

which was incorporated into the divorce decree provided, in part, that the wife would have custody of the two children of the marriage and that the husband would pay $200 a month for each child as child support. Upon the wife's remarriage her alimony payments would cease and the child support payments would increase to $250 per child. Paragraph 2(4) states: "Should the husband receive an increase in his salary over his present income of $25,000 per year, then the amount of child support shall be increased by an amount equal to one-third of said net increase after federal and state income taxes, same to be divided equally between the children. . . ." Paragraph 2(5) reads: "In order to document any increase in his salary, the Husband shall provide such information to the Wife at the time any increase occurs, and he shall provide for her use a copy of his federal income tax return on or before May 15th of each year, in order that she may verify the amount of his income for the previous year."

Both parties have remarried. The husband has made child support payments regularly and on time. In October 1975 the wife filed a contempt action alleging that the husband has not provided her with copies of his federal income tax returns for 1972, 1973 and 1974, and that she believes, but cannot determine without tax returns, that the children have not received sufficient increases in child support. In January 1976 the court ordered the husband to provide the wife with copies of his federal income tax returns and allowed the wife a reasonable period of time in which to inspect and make calculations concerning the sums due for child support, and then, if necessary, to apply to the court for further directions. After examining the returns, the wife applied to the court for $956 which she determined was due under the escalation clause. She also applied for the cost of a certified public accountant and for reasonable attorney fees.

After hearing evidence and argument, the trial court found paragraph 2(4) of the agreement concerning increased payments of child support to be vague and ambiguous. The court then construed the provision as follows: "Salary" includes only fixed compensation paid to the husband by his employer and does not include (bona fide) bonuses. "Net increase after federal and state income

taxes" shall be determined by taking the gross salary, subtracting three exemptions (himself and his two children living with his ex-wife), subtracting the standard deduction for married filing separately, and subtracting the taxes found on the tax table for married filing separately.

The court also found that it was unnecessary for the husband in the future to furnish his wife with a copy of his federal income tax return. Instead he must provide her only with his W-2 form and if the amount shown as compensation includes more than salary, he is to submit a letter from his employer showing the amount of gross salary.

Calculating the increase in child support payments due under the formula set out in the court's findings of fact, the court found that the husband's payments of $323 per month per child were correct and held the husband not to be in arrears and therefore not in contempt. Accordingly no award for attorney fees or accountant's fees was made. The wife appeals.

We find no error in the above definition of "salary" as used by the parties to the agreement.

Regarding the phrase "net increase after federal and state income taxes," we find that our holding in *Paul v. Paul*, 235 Ga. 382 (219 SE2d 736) (1975), is controlling. In *Paul* there was an escalation clause similar to the one here. The purpose of escalation is to provide additional support for the children if the husband's spendable income increases. In *Paul* the husband sought to use calculated taxes rather than taxes actually paid. We held that where parties to an agreement use the phrase "after taxes," in the absence of further definition they mean "after *actual* taxes" and do not mean some fictitious tax amount. We hold in this case also that at the time they entered into the agreement the parties intended the phrase "net increase after federal and state income taxes" to mean federal and state income taxes actually paid. The trial court erred in its definition of this phrase.

The agreement provides that the husband must furnish the wife with a copy of his federal income tax return each year in order for her to verify his income. The trial court erred in deleting this provision.

Because the trial court did not find the husband to be in contempt, no award of attorney fees under Code Ann. § 30-219 was authorized.

We remand to the trial court for determination of the amount of child support due.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 9, 1976 — DECIDED JANUARY 6, 1977.

*Reeves & Collier, Rex T. Reeves,* for appellant.
*Skinner, Wilson, Beals & Strickland, Donald F. Walton, Frank B. Strickland,* for appellee.