## 36244. KENNEDY v. HANNANS.

MARSHALL, Justice.

The parties to this suit, Albert Hannans (plaintiff-appellee) and Elouise Kennedy (defendant-appellant), were divorced in Pierce Superior Court in 1975. In the divorce complaint, the husband asked to be awarded a one-half interest in a 17.6-acre tract of land, together with improvements thereon. Although title to this property was in the wife's name, the husband alleged that he had contributed jointly to the purchase price and to the cost of the improvements. The wife answered the divorce complaint, admitting that title to the property was in her name, but denying the other allegations. In its verdict, the jury decreed that the real estate be divided equally between the parties.

In 1977, the plaintiff Hannans brought this suit for partitioning of the property, claiming a one-half undivided interest in the property under the parties' divorce decree. The defendant Kennedy denied that the plaintiff has a one-half undivided interest in the property, for the following reasons: The property was formerly owned by Sarah and Mathew Gibbs, who each held an undivided one-half interest in the property. The defendant acquired title to this property under a recorded 1973 warranty deed from Sarah Gibbs, which deed purports to convey the entire tract. However, this conveyance was ineffective to convey the entire tract, because Sarah Gibbs only owned a one-half interest therein.

The superior court rejected this argument raised by the defendant, on the ground that Sarah Gibbs had acquired Mathew Gibbs' one-half interest in the property in 1976 under a recorded deed from the administratrix of Mathew Gibbs' estate. The superior court ruled that Sarah Gibbs' after-acquired interest in the property inured to the benefit of the defendant herein, by virtue of the 1973 warranty deed for valuable consideration to her from Sarah Gibbs. The superior court also ruled that the defendant's after-acquired interest inured to the benefit of the plaintiff, by virtue of his interest in the property under the parties' 1975 divorce decree.

The superior court adopted the partitioners' division of the property and made the return of the partitioners the judgment of the court. The defendant appeals. We affirm.

1. The defendant, having answered the plaintiff's divorce complaint and admitted title to the property in herself, is estopped to take a contrary position in this case. *Saturday v. Saturday,* 224 Ga. 236 (161 SE2d 509) (1968). Accord, *Williams v. Richards,* 100 Ga. App. 501, 502 (111 SE2d 632) (1959). However, such an estoppel could not, in and of itself, operate to convey title to the property to

the plaintiff. Estoppels do not convey title in this state. *Strain v. Monk,* 212 Ga. 194 (2) (91 SE2d 505) (1956) and cits. At the time this suit for partitioning was filed, however, the defendant had acquired title to the remaining one-half interest in the property by virtue of the fact that the grantor of the warranty deed to her had acquired title. *Todd v. Williford,* 169 Ga. 543 (5) (150 SE 912) (1929). We agree with the superior court that this vesting of full title in the defendant subjected the remaining one-half interest in the property to operation of the court's divorce decree.

2. Since Sarah Gibbs' subsequent acquisition of title to the property inured to the benefit of the defendant by operation of law, Sarah Gibbs currently has no interest in the subject property and the superior court did not err in overruling the defendant's motion to dismiss this suit for failure to join Sarah Gibbs as a party defendant. See Code Ann. § 81A-119 (a).

3. The partitioners divided the property equally between the parties, and there is nothing in the record to support the defendant's argument that the division of the property is "manifestly unjust and unequal."

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 16, 1980 — DECIDED
JUNE 10, 1980 —
REHEARING DENIED JUNE 24, 1980.

*James R. Tuten, Jr.,* for appellant.
*Carroll Russell,* for appellee.