## 45322. HENDERSON v. HENDERSON.
(367 SE2d 40)

MARSHALL, Chief Justice.

The parties cohabited and produced a child. During the temporary hearing on the mother's suit for divorce, etc., the trial court heard evidence as to the existence vel non of a common-law marriage between the parties. The court found and concluded at the temporary hearing that there was no common-law marriage. The father stipulated in open court during the temporary hearing that he was the father of the child, and agreed to pay $40 per week child support, as requested by the mother. The court ordered him to pay that sum un-

til the child becomes self-supporting, marries, or reaches age 18, and to pay all medical and dental expenses not covered by insurance. The order otherwise provided visitation rights for the father, and allowed him to take the child as an exemption on his federal and state taxes. After the grant of her application, the mother appeals. We reverse.

A final judgment should not have been entered based upon testimony at the temporary hearing.

> All civil cases, including divorce and other domestic relations cases, shall be triable anytime *after the last day upon which defensive pleadings were required to be filed therein*; provided however, that the court in all cases afford to the parties reasonable time for discovery procedures, subsequent to the date that defensive pleadings were required to be filed; . . . [Emphasis supplied.]

OCGA § 9-11-40 (a).

> The judges of any courts of record may, on reasonable notice to the parties, at any time and at chambers in any county in the circuit, hear and determine by interlocutory or final judgment any matter or issue where a jury trial is not required or has been waived. However, *nothing herein shall authorize the trial of any divorce by consent or otherwise until after the last day upon which defensive pleadings were required by law to be filed therein.* [Emphasis supplied.]

OCGA § 9-11-40 (b).
At the time the final order was entered here, 23 days remained during which defensive pleadings would have been required by law to be filed. Furthermore, both parties filed timely demands for a jury trial "on or before the call of the case for trial," as required by OCGA § 19-5-1, which demands were not waived or withdrawn. A temporary, or interlocutory, hearing in a divorce case cannot make a final adjudication of the parties' property rights. *Walton v. Walton*, 223 Ga. 85 (4) (153 SE2d 554) (1967). Although the existence vel non of a common-law marriage relationship between the parties is a matter for consideration by the court at a temporary hearing, any determination thereof in a temporary hearing is not binding on a jury in a subsequent trial. *Shepherd v. Shepherd*, 231 Ga. 257 (4) (200 SE2d 893) (1973).

Accordingly, the final judgment erroneously entered prematurely at the temporary hearing is reversed, and the case is remanded for the jury trial of the case requested by both parties.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 27, 1988.

*William D. Hentz,* for appellant.
*George W. Adams,* for appellee.