### 77380. EADDY v. THOMAS.
(378 SE2d 147)

POPE, Judge.

In 1984, appellant Samuel Eaddy obtained an order from the Superior Court of Appling County determining him to be the father of the minor child of appellee Lillian Hudson Thomas born on October 4, 1983. The order granted him certain visitation rights. The order did not contain an award of child support to Thomas. On January 28, 1988 Eaddy filed a motion for contempt against Thomas alleging she had failed to comply with the order granting visitation rights. After a hearing on the motion, the court granted the motion for contempt and, on its own motion, ordered Eaddy to pay child support of a stipulated monthly sum to Thomas. Eaddy appealed on the ground the court lacked jurisdiction to award child support in adjudication of a motion for contempt of an order in which it did not award child support. We agree.

The motion for contempt was brought in regard to the order entered in the original paternity suit. "The same remedies and procedures shall apply for enforcement and modification of visitation and support orders [in paternity actions] as apply to enforcement and modification of such orders arising from divorce proceedings." OCGA § 19-7-52 (b). In a divorce proceeding, in which the order did not determine an award of child support, a petition for child support must be brought as a separate action in the superior court of the county where the defendant to the petition resides. OCGA § 19-6-17 (a). In a divorce case, the trial court has no authority to grant or modify child support in a contempt proceeding. See *Sells v. Eilender*, 251 Ga. 463 (306 SE2d 662) (1983); *McNeal v. McNeal*, 233 Ga. 836 (213 SE2d 845) (1975). A petition for a revision of an award of child support is a separate and independent suit and must be brought in the county in which the defendant resides. *Bugden v. Bugden*, 224 Ga. 517 (162 SE2d 719) (1968). Pursuant to OCGA § 19-7-52 (b), these same procedural rules should be applied in this paternity action.

The record shows appellant Eaddy is no longer a resident of Appling County. Consequently, the trial court had neither subject mat-

ter jurisdiction, personal jurisdiction nor proper venue to impose an award of child support in this case. If appellee Thomas had filed an action for child support, the appropriate procedure would be to remand with direction to transfer the action to another court with proper jurisdiction, pursuant to rule 19.1 (A) of the Uniform Superior Court Rules. However, since no action was filed in this case, it cannot be transferred. Moreover, the record suggests that appellant Eaddy is no longer a resident of Georgia. However, our holding in no way precludes appellee Thomas from bringing an action for child support in the proper jurisdiction.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED JANUARY 24, 1989.

*Ken W. Smith,* for appellant.
Lillian Thomas, *pro se.*