A91A0608. STILL v. STILL.
(405 SE2d 762)

BIRDSONG, Presiding Judge.

Franklin B. Still appeals from the judgment of the trial court in a contempt action brought by Carol Walker Still for his alleged violations of a provision in their divorce decree requiring him to pay the

college expenses of their then 19-year-old son. The provision in question provided: "The husband's obligation hereunder as to payments made while a child is attending an accredited two or four year college or university shall continue as long as the child remains continuously enrolled in such an institution and takes a course load equal to one-half of the course load required to complete a two or four year degree in a timely fashion." After Franklin Still ceased making payments under the decree because he concluded that his son was not making progress toward a degree in a timely fashion, Carol Still filed an action for contempt.

Subsequently the trial court found that although the son was enrolled in college, he did not take a course load equal to one-half the course load required to complete a two-year degree in a timely manner, and as a result Franklin Still was not required to make payments under the decree. The trial court's judgment, however, also held that if the son remained continuously enrolled in college and resumed his education by taking courses necessary to obtain a degree in a timely fashion, Franklin Still would be required to resume child support payments as provided in the decree if the son met all other conditions specified.

Franklin Still contends that the decree had no provision for resuming his obligations under the decree once his son failed to satisfy the requirements for payment, and thus contends the trial court erred by requiring him to do so. Carol Still has not filed an appellee's brief in this appeal. *Held*:

Under Georgia law, except in the case of pauperism (OCGA § 36-12-3) and not here applicable, a parent is not liable for child support or maintenance after a child achieves the age of majority. OCGA § 19-7-2; *Coleman v. Coleman*, 240 Ga. 417, 422 (240 SE2d 870). Therefore, Franklin Still's obligation to continue making support payments to his child depends upon the terms of the agreement between the parties as reflected in the divorce decree. Additionally, no requirement to pay for the son's education beyond the age of majority may be imposed by the court. *Coleman v. Coleman*, supra at 423. Further, the trial court had no authority to modify the agreement in a contempt action. *Eaddy v. Thomas*, 190 Ga. App. 15 (378 SE2d 147).

Therefore, we must construe the agreement reflected in the decree to determine whether Franklin Still has an obligation to resume payments. The significant provision of the decree specifies that Franklin Still's obligation "shall continue as long as" his son met two conditions. Since the trial court found that the son did not meet one of those conditions, Franklin Still's obligations ceased unless some other provision in the decree provided for resumption of the payments. Examination of the decree reveals no such provision. Therefore, once the obligation to make the payments ceased, there was no

authority for requiring the support payments after the son had reached the age of majority. *Coleman v. Coleman*, supra.

Accordingly, while we find that the trial court correctly determined that Franklin Still's support obligations for his son ceased, the trial court erred by ordering Franklin Still to resume support payments if his son satisfied the decree's requirements in the future.

*Judgment affirmed in part and reversed in part. Pope and Cooper, JJ., concur.*

## DECIDED MAY 20, 1991.

*Cofer & Beauchamp, Bryant K. Smith, Charles V. Choyce, Jr.,* for appellant.

*Homer & Kennedy, Speros D. Homer, Jr.,* for appellee.

