S93A0598. GUNTIN v. GUNTIN.
(430 SE2d 6)

HUNT, Presiding Justice.

We granted this discretionary application to appeal to determine whether the trial court erred in concluding that a husband's alimony obligation, which was based upon his salary, ceased at his retirement. We agree it was error and we reverse.

Vivian E. Guntin, the appellant, and Daniel A. Guntin, the appellee, were divorced in March of 1980. The final judgment and decree of divorce based the alimony payments the husband was to make to his wife on his salary. The husband made alimony payments until his retirement in January of 1992; at that time he ceased making pay-

ments, arguing that retirement benefits are not "salary" within the contemplation of the divorce judgment and decree. The wife brought a contempt action but the superior court denied her motion, finding that the husband's alimony obligation ceased as of the date of his retirement because he was no longer receiving a salary. Vivian Guntin now appeals to this Court, contending that "salary" includes not only payments received by her husband under the retirement plan but also interest on savings, social security benefits and dividends from stock and money market accounts.

1. This Court has defined salary as compensation for services rendered. *Savannah Bank &c. Co. v. Mason*, 209 Ga. 364, 365 (72 SE2d 720) (1952). Logic dictates that this is compensation paid by an employer. Under this definition, it is clear that the husband's retirement benefits are "salary." Though the retirement benefits are paid to him after termination of employment, such benefits are part of the consideration supporting the employment contract and are deferred compensation for services rendered during the term of his employment. See *DeWitt v. Richmond County*, 192 Ga. 770 (16 SE2d 579) (1941); *Swann v. Bd. of Trustees of Joint Municipal Employees' Benefit System*, 257 Ga. 450 (360 SE2d 395) (1987). Thus, the husband's alimony payments, though reduced pursuant to the formula set forth in the judgment and decree of divorce, must continue.[1]

2. On the other hand, it is equally clear that interest on savings, social security benefits and dividends from stock and money market accounts, though a part of total income, do not constitute *salary*. Cf. *Bell v. Bell*, 257 Ga. 172 (356 SE2d 869) (1987) (alimony based on total income, which included salary, social security benefits, retirement plans, annuities, dividends and other sources of income). As we implied above, the term "salary" contemplates an employer/employee relationship. Social security, interest and dividends derived from a variety of sources, cannot be said to be compensation from an employer for services rendered.

The wife, while entitled to adjusted alimony payments based on the husband's retirement benefits, is not entitled to any share in those earnings attributable to social security, interest or dividends.

*Judgment reversed. All the Justices concur; Clarke, C. J., not participating.*

---

[1] Other adjustments to the amount of alimony will also have to be made if the husband himself contributed to the retirement plan. Under IRC § 402 (a), an employee is not required to pay income tax on that portion of a retirement distribution attributable to his own contributions to the retirement or pension plan because he has already paid taxes on this sum. By the same reasoning, the wife's future adjusted alimony should be based only upon that portion of the retirement benefits attributable to sums contributed under the plan or agreement by the employer since past alimony payments were based on an amount which included that portion of the husband's salary which he contributed to his retirement plan.

Decided June 7, 1993 —
Reconsideration denied June 25, 1993.

*Shriver & Gordon, Mark O. Shriver IV,* for appellant.
*Sherman C. Fraser, Mark S. Fraser,* for appellee.