## S93A1875. BUNNELL v. ROGERS.
(440 SE2d 12)

BENHAM, Justice.

Appellant filed a contempt action against appellee for, among other things, his failure to pay child support in an amount she calculated based on the following provision in their divorce decree:

As support for said children, Husband shall pay to Wife, on Thursday of each week hereafter beginning July 16, 1981, the sum of $153.80 per week; which [weekly][1] payment shall, beginning with the first week in June of each year hereafter, be increased in direct proportion to the increase in Husband's gross wages and emoluments for employment from all sources for the twelve months' period next preceding June 1 of such year over Husband's gross wages and emoluments from all sources for the twelve months' period next preceding the first-mentioned twelve months' period.

The trial court found the automatic increase provision too vague and indefinite to enforce. We granted appellant's application for discretionary appeal, posing the question, "Whether the trial court erred in ruling that the provision to increase child support is unenforceable." Upon further consideration, we conclude that the trial court did commit error in that ruling.

Although the trial court's order did not state why it found the provision too vague, its announcement of the ruling from the bench indicated that the problem was with the phrase "direct proportion." The trial court stated that the provision would need to state a specific percentage of the increase in appellee's income in order to put appellee on notice of what he was required to pay. At the hearing of the case, however, the trial court expressed concern that the provision was unenforceable because it did not include the base income to be used in calculating the increase in child support.[2]

We conclude that neither of those purported defects renders the provision too vague to be enforced. As we read the provision in question, it means that child support payments will be increased each June by the same proportion that appellee's income for the immediately past year increased over the year before the immediately past year. To illustrate, we assume that appellee had an income of $110,000 for the base year, the 12 months preceding the date on which the increase in child support was to take effect, and that his income for the 12 months preceding the base year was $100,000. The increase in income was ten percent, and in order for the child support to increase in "direct proportion," it would also increase by ten percent. This simple operation needs nothing more than the amount of income for two consecutive years and the base amount of child sup-

---

[1] The trial court, without objection, treated the presence of the word "monthly" in this spot as a typographical error.

[2] It was when appellant agreed from the witness stand that the decree did not contain that factual element that the trial court prevented her from continuing to explain how she had applied the provision to appellee's income as determined from discovery materials.

port. The latter is provided in the decree and the former is readily susceptible of proof. Appellant attempted to perform just that operation on the witness stand, but was prevented from doing so by the trial court, apparently because the court mistakenly believed that the base year income would have to be set out in the decree. However, this court has previously found enforceable automatic increase provisions in decrees which did not include the base income level. In *Kitchin v. Kitchin*, 216 Ga. 619 (118 SE2d 462) (1961), this court upheld a provision that the father pay one-sixth of his income as child support, with no mention of the base income, and in *Hayes v. Hayes*, 248 Ga. 526, 528 (283 SE2d 875) (1981), this court approved an award of child support at

> $300 per month plus "(15%) of any gross increase the defendant receives in his pension." As long as a definite amount of alimony or child support is awarded an automatic future modification is not invalid. [Cits.]

The controlling principle to be applied in interpreting decrees based on agreement of the parties is to "find the intent of the parties by looking to the 'four corners' of the agreement and in the light of circumstances as they existed at the time the agreement was made. [Cit.]" *Ward v. Ward*, 236 Ga. 860, 861 (226 SE2d 52) (1976). Here, the intent is patent: as appellee's income increased, so would the child support, in direct proportion. To ascertain the exact amount of the increase, and thus the amount appellee was to pay, requires no more than proving his income for the relevant years; all the rest is contained in the decree.

Upon the return of this case to the trial court, appellant is entitled to establish by evidence the amounts of income to which the increase provision applies, whereupon she shall be entitled to judgment for the arrearages established by calculations pursuant to the increase provisions, as explained in this opinion. Since the trial court's refusal to hold appellee in contempt was based on the trial court's erroneous ruling that the increase provision was unenforceable, the issue of contempt shall also be decided upon the return of the remittitur.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 21, 1994.

*Ballard & Ballard, Charles T. Ballard,* for appellant.
*Mullins & Whalen, Harold A. Sturdivant,* for appellee.