## S97A0701. BARDUGON v. BARDUGON.
(489 SE2d 832)

HINES, Justice.

We granted Mrs. Bardugon's application for discretionary appeal to consider whether the trial court erred in its construction of terms of the settlement agreement incorporated into the Bardugons' final judgment and decree of divorce. We conclude that the court misconstrued the provision at issue, and reverse.

The Bardugons' agreement provided: "The Husband shall adjust his child support payments as his income changes, so that he continues to pay twenty-five (25%) percent of his gross salary as and for child support, and shall submit to the Wife, proof of his salary and earnings." Mrs. Bardugon petitioned to hold her ex-husband in contempt for failing to comply with the provision. At the contempt hearing, it was determined that Mr. Bardugon was regularly employed by Gwinnett County and that he was then also working two days per month each for two other employers. The superior court found Mr. Bardugon to be $1,278 in arrears in his child support obligation[1] but that the arrearage was due to a non-wilful misunderstanding of the terms of the parties' agreement. Ultimately, the court concluded that "gross salary" as used in the agreement included only Mr. Bardugon's salary from his full-time employment for Gwinnett County "or any other regular, periodic salary which he might receive from any future full-time employer," and not his "wages from the services he performed part-time, a few days per month."

The superior court's conclusion does not square with precedent or the plain language of the agreement. This Court has broadly defined "salary" as compensation paid by an employer for services rendered. *Guntin v. Guntin,* 263 Ga. 241, 242 (1) (430 SE2d 6) (1993); *Savannah Bank &c. Co. v. Mason,* 209 Ga. 364, 365 (72 SE2d 720) (1952). See also *Boyett v. Landon,* 238 Ga. 175 (231 SE2d 765) (1977). The definition stems from the employment relationship and is not dependent on the frequency or duration of the services performed. See *Guntin* at 242 (2). Moreover, the Bardugons' agreement states that the adjustment of Mr. Bardugon's child support payments is triggered by a change in his "income." Thus, it equates "gross salary" with "income." The term "income" encompasses salary, earnings, and

---

[1] The calculation of the arrearage was through September 1996.

wages. Black's Law Dictionary, p. 763 (6th ed. 1990). See *City of Fitzgerald v. Newcomer*, 162 Ga. App. 646, 648 (291 SE2d 766) (1982), citing *Mundy v. Van Hoose*, 104 Ga. 292, 300 (30 SE 783) (1898); see also *Atlanta, Birmingham &c. R. Co. v. Cook*, 73 Ga. App. 435, 436 (37 SE2d 159) (1946). And so it does in the present agreement. This is borne out by the adjustment provision's requirement that Mr. Bardugon provide his former wife with proof of his "salary and earnings."

Mr. Bardugon maintains that the superior court's interpretation is grounded in the meaning attributed by the parties to the term "salary," and that it must be sustained in the absence of a transcript of the evidence at the contempt proceeding. However, the analysis in the court's order makes it clear that its interpretation rested on the misapplication of legal principles and the misconstruction of terms defined in the caselaw. What is more, there is no indication that the court relied on any specific evidence of the parties' intent that the agreement be construed contrary to common usage and precedent.

Mr. Bardugon's financial obligation under the adjustment provision in the settlement agreement was not limited to his full-time employment, and the superior court erred in concluding otherwise.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 15, 1997.

*Russell, Stell, Smith & McLocklin, Nancy R. Floyd,* for appellant.

*Benjamin C. Free,* for appellee.