S01A1077. ANDERSON v. ANDERSON.
(552 SE2d 801)

CARLEY, Justice.

Before Tami Flowers Anderson (Wife) and William Harvey Anderson (Husband) were married, they entered into an "Agreement In Contemplation Of Marriage" wherein Wife expressly acknowl-

---

edged that "she could be receiving substantially less sums of money by the AGREEMENT should the parties become divorced than she might in any subsequent divorce action" and that its provisions were "fair and equitable and satisfactory to her. . . ." The agreement provided that Wife waived "all future claims to alimony, attorney's fees, or an equitable distribution of property that is not specified within this agreement. . . ." With regard to property distribution, Paragraph 6 of the agreement specified, in relevant part, that "all assets and income derived from the date of their marriage forward shall be the assets of [both parties] and shall be subject to equal division (50%/50%) between the parties." However, the agreement also expressed Wife's understanding that Husband

has in full force and effect [a] Trust Agreement executed by [him] and his first wife pertaining to marital assets of [his] first marriage and that said assets are not subject to equitable distribution between the parties to this agreement.

When Wife filed suit for divorce, she sought alimony and an equitable property division. Husband answered, and pled the prenuptial agreement as a defense against Wife's claims. She then filed an amendment to her complaint, seeking enforcement of Paragraph 6 and asserting that it applied to the parties' gross income, undiminished by taxes or marital expenditures, and regardless of the source, including Husband's salary and wages and the interest earned on certain certificates of deposit held in his name, but owned by the trust created prior to his divorce from his former wife. Wife moved for partial summary judgment as to the enforceability of Paragraph 6. The trial court conducted a hearing as to Wife's request for temporary alimony and as to her motion for partial summary judgment. With regard to the latter motion, the trial court held that Wife was not entitled to one-half of the interest from the certificates. It further construed Paragraph 6 as narrowly applying only to "the increase in value of assets subject to that provision of the agreement" and that Wife had no claim on Husband's income "except to that limited extent." The trial court certified its order for immediate review, and we granted Wife's application for an interlocutory appeal.

1. Wife urges that, in the context of the temporary hearing, the trial court erred in making a final ruling as to the parties' respective rights in the certificates of deposit. See *Henderson v. Henderson*, 258 Ga. 205 (367 SE2d 40) (1988). However, Wife also had moved for partial summary judgment on her entitlement under Paragraph 6 to receive one-half of the interest from the certificates as an equitable division of property. The trial court's order regarding the certificates was entered in connection with that motion, and did not deal with

the request for temporary alimony. Thus, Wife herself invoked the ruling on the interpretation of the pre-nuptial agreement, and the trial court did not commit any procedural error in its ruling. *Curry v. Curry*, 260 Ga. 302 (1) (392 SE2d 879) (1990).

2. Wife contends that the agreement for equal division of "all" assets and income is unambiguous and necessarily includes the certificates of deposit. Phrases like "any and all" and "but not being limited to" are "calculated to give the most expansive application possible." *Deep Six v. Abernathy*, 246 Ga. App. 71, 74 (2) (538 SE2d 886) (2000). However, the provisions of Paragraph 6 must be read in conjunction with the entirety of the agreement. "[T]he whole contract should be looked to in arriving at the construction of any part. . . ." OCGA § 13-2-2 (4). The controlling trust agreement provides that, regardless of registration or title, the trust itself was the beneficial owner of the income from the certificates and that receipt by Husband was solely in his fiduciary capacity. Thus, the certificates are not owned by Husband, but by the trust created when he divorced his first wife. In the pre-nuptial agreement, Wife acknowledged that any asset of that trust would not be subject to equitable division as between her and Husband. Under these circumstances, the certificates clearly are not an asset acquired after the parties' marriage and, therefore, are not subject to equal distribution under Paragraph 6 of the pre-nuptial agreement.

With regard to interest on the certificates, Paragraph 6 limits Wife's right to seek an equitable division to "income derived from the date of their marriage forward. . . ." Thus, unless the interest was earned by and payable to one of the parties during the marriage, it is not subject to an equitable distribution claim by either. As noted, the trust agreement specifies that the trust was the beneficial owner of the income derived from the certificates and that Husband's receipt of the interest payments was only in his fiduciary capacity. Consistent with this provision, the evidence shows that the interest paid to Husband was remitted to the trust and was not reported as income on the tax returns filed by the parties during the marriage. Thus, it is clear that Wife, as well as Husband, considered the interest to be the income of neither.

> " '(The parties') interpretation is entitled to great, if not controlling, influence, and will generally be adopted and followed by the courts, particularly when the parties' interpretation is made before any controversy, or when the construction of one party is against his interest. (Cit.)' " [Cit.]

*Eickhoff v. Eickhoff*, 263 Ga. 498, 505 (6) (435 SE2d 914) (1993), over-

ruled on other grounds, *Lee v. Green Land Co.*, 272 Ga. 107, 108 (527 SE2d 204) (2000). See also *Kennedy v. Hannans*, 246 Ga. 55 (1) (268 SE2d 646) (1980) (as against former husband, wife estopped to make claim regarding ownership of property contrary to that made previously). The trial court correctly held that Wife was not entitled to one-half of the interest as an equitable division of property.

3. Wife contends that, under Paragraph 6, she is entitled to one-half of Husband's gross income from all sources, including his salary and wages, as temporary alimony. However, that provision of the ante-nuptial agreement relates exclusively to an equitable division of the marital assets, not to alimony. "It cannot be denied that alimony and equitable property division are not synonymous. [Cit.]" *Peters v. Peters*, 248 Ga. 490, 491 (2) (283 SE2d 454) (1981). Alimony is "an allowance out of one party's estate, made for the support of the other party when living separately. It is either temporary or permanent." OCGA § 19-6-1 (a).

> "Alimony is distinctly different from an equitable division of property between husband and wife, the latter being an allocation of assets acquired during the marriage to the parties, based on their respective equitable interest in those assets. (Cits.)" [Cit.]

*Wagan v. Wagan*, 263 Ga. 376, 377 (434 SE2d 475) (1993). Thus, Paragraph 6, which relates to equitable division of property, does not entitle Wife to temporary alimony.

She urges that, as equitable property division, she is entitled to one-half of Husband's gross income from all sources, including his salary and wages, without regard to taxes and marital expenditures. "The term 'income' encompasses salary, earnings, and wages. [Cits.]" *Bardugon v. Bardugon*, 268 Ga. 361-362 (489 SE2d 832) (1997). However, "income" as used in Paragraph 6 cannot be construed in isolation from the other contractual language to which it is related. "The construction of a contract should be governed by the intent of the parties as expressed in the entire contract. [Cit.]" *Peachtree on Peachtree Investors v. Reed Drug Co.*, 251 Ga. 692, 695 (1) (308 SE2d 825) (1983). The applicable wording is the phrase "all assets and income derived from the date of their marriage forward," not the single word "income," and that phrase appears in a provision related to the equitable division of the parties' marital property. "Words, like people, are judged by the company they keep." *Anderson v. Southeastern Fidelity Ins. Co.*, 251 Ga. 556 (307 SE2d 499) (1983). Clearly, the parties' gross income cannot be the subject of equitable distribution, since it is not convertible into a marital asset unless and until taxes are paid and living expenses are deducted. Only the income remaining after

accounting for those marital deductions constitutes the fund from which a couple can make investments to earn additional income. Thus, the agreement clearly specifies an equitable division of all assets and income "derived" from the date of the marriage, not all assets and income earned after the marriage. If "income" in Paragraph 6 included Husband's gross salary and wages, then Wife would, in effect, be entitled to recover one-half of such receipts as alimony. By the express terms of the ante-nuptial agreement, however, Wife has waived all right to alimony. Thus, her expansive interpretation of "income" as employed in Paragraph 6 would permit her to recover, in the guise of equitable property division, the very alimony that she expressly waived. A contract must be construed so as to reconcile its different provisions and to reject a construction that leads to a contradiction. *Connell v. Guarantee Trust Life Ins. Co.*, 246 Ga. App. 467, 469 (1) (541 SE2d 403) (2000). Interpreted in its proper context, the phrase in Paragraph 6 can mean only that, as equitable property division, Wife is entitled to one-half of all marital assets and the income derived *from those assets*. Thus, she is limited to a recovery of her portion of the investment income earned by the marital assets, including any assets which were acquired during the marriage with the parties' incomes, but she does not have any claim on Husband's gross income. Therefore, the trial court properly construed the term "income" in Paragraph 6 as meaning "the increase in value of assets subject to that [equitable division of property] provision of the agreement."

4. Wife urges that the trial court's order is ambiguous and does not specify the "income" to which she is entitled. As previously noted, however, the order clearly and correctly holds that, as equitable property division, she can recover her portion of all of the investment income earned by the marital assets. Thus, the trial court's order unambiguously and properly holds that, under Paragraph 6, Wife is not entitled to one-half of Husband's gross income or to one-half of the interest earned on the certificates.

*Judgment affirmed. All the Justices concur, except Hunstein, J., who concurs in Divisions 1, 2, and 4 and in the judgment.*

DECIDED SEPTEMBER 17, 2001.

*McCorkle, Pedigo & Johnson, Carl S. Pedigo, Jr., Kenneth P. Johnson,* for appellant.

*Hutto, Palmatary & Magda, C. Carroll Palmatary, George M. Rountree,* for appellee.