S02A0956. RICHARDSON v. LEVITT.
(569 SE2d 534)

THOMPSON, Justice.

We granted discretionary review in this domestic relations case to decide whether compensation received by husband from his employer as an incentive to early retirement was a bonus or additional salary requiring payment of additional child support under the terms of the final divorce decree.

John T. Richardson and Valerie Levitt were divorced in 1992 by final judgment and decree which incorporated a settlement agreement. Under that agreement, Richardson was required to pay 25 percent of his gross monthly salary as support for the parties' two minor children and, as additional child support, 25 percent of the net of any future "bonus or salary increase from his employer" which is received in a year in which his child support obligation was ongoing. Richardson was to retain as his separate property his entire retirement account and his pension with his employer.

In 1993 Richardson's employer, IBM Corporation, announced the need to reduce the number of employees holding positions in applications solutions, such as Richardson. It offered those employees the opportunity to participate in an "Application Solutions Transition Option Program Pre-Retirement Leave of Absence Agreement" (ASTO), which was intended to provide transition assistance to employees who opt into the program and are accepted. An employee

participating in the program would be required to sign a departure commitment agreement, and would receive "one week of pay for each six months of service fully or partially completed, up to a maximum of 52 weeks, with a minimum of eight weeks." Richardson accepted the offer and received a lump sum payment of $83,463.89.

Levitt filed a contempt action claiming, in addition to other arrearages, that Richardson was obligated to pay 25 percent of the ASTO payment as child support under the settlement agreement, and that he has wilfully refused to do so. After a hearing, the trial court found Richardson in wilful contempt for failing to pay child support in excess of his base income, and in failing to pay certain college expenses as required by the agreement. For the reasons which follow, we affirm those rulings.

1. The dispositive question is whether the ASTO payment is "bonus or salary" and is thus subject to the increase provision contemplated by the settlement agreement; or whether it is properly characterized as a retirement benefit which is not subject to the child support escalation provision of the agreement.

Richardson's agreement with IBM provided that while on the ASTO pre-retirement leave of absence, he would receive no regular wages, and no retirement income from IBM. In addition, the agreement specified that Richardson would retire from IBM at the end of his ASTO leave (although while on leave he could obtain employment elsewhere); and that the lump sum payment was intended to "assist employees in making the transition into a new career or retirement." The amount of the payment was calculated on the basis of an employee's regular salary and years of service with IBM, and was made in lieu of any other separation pay. Finally, the agreement specified that the ASTO payment was made in addition to any accrued retirement income, which benefits would begin at the conclusion of the pre-retirement leave and upon retirement eligibility.

This Court has defined salary as compensation paid by an employer for services rendered. *Guntin v. Guntin*, 263 Ga. 241, 242 (1) (430 SE2d 6) (1993). And while "retirement benefits" may be considered salary under that definition, id., here the parties entered into a contractual agreement providing that Richardson's retirement income would remain his separate property and thus was not subject to the escalation clause. The parties may enter into an agreement providing for modification of child support, and such agreement will be enforceable as long as it "is specific, does not contravene a statute, or violate public policy." *Kendrick v. Childers*, 267 Ga. 98 (1) (475 SE2d 604) (1996). There is no contention here that the escalation clause is unenforceable.

"By definition, a bonus is something extra for which no services are rendered (see Webster's New International Dictionary), or, it is

something in addition to ordinary compensation under an express contract which is usually added as an incentive. [Cit.]" (Punctuation omitted.) *Management Search v. Morgan*, 136 Ga. App. 651, 653 (1) (222 SE2d 154) (1975). "By the former definition there are no services rendered, and the latter contemplates an agreed promise to pay." *Millican Elec. Co. v. Fisher*, 102 Ga. App. 309, 310 (1) (116 SE2d 311) (1960).

Since the lump sum ASTO payment was intended as separation pay based upon service rendered to the employer, it was in the nature of continuing salary to compensate the employee during the period in which he would no longer receive regular wages from IBM and during the transition to other employment or retirement. Thus, the lump sum separation payment was not intended as retirement income under the terms of the ASTO agreement. As in *Biddlecom v. Biddlecom*, 113 AD2d 66 (NY App. Div. 1985), a sum which was paid as a consequence of early retirement was not part of a pension package because it was received "in addition to, and irrespective of, [retiree's] pension."[1] Id. at 69. Compare *In re Marriage of Heupel*, 936 P2d 561 (Colo. 1997) and *Fisher v. Fisher*, 319 SC 500 (462 SE2d 303) (1995) (where separation agreement entitled wife to a portion of husband's military retirement pay, wife was entitled to like share of voluntary separation incentive payment in lieu of retirement benefits).

> The controlling principle to be applied in interpreting decrees based on agreement of the parties is to find the intent of the parties by looking to the four corners of the agreement and in the light of circumstances as they existed at the time the agreement was made.

(Citations and punctuation omitted.) *Bunnell v. Rogers*, 263 Ga. 811, 813 (440 SE2d 12) (1994). *Ward v. Ward*, 236 Ga. 860, 861 (226 SE2d 52) (1976). Here, the intent of the separation agreement is clear: as Richardson's employment income increased, so would his child support obligation, in direct proportion. Because we construe the ASTO payment in the nature of a continuation of salary to compensate Richardson after his separation from IBM and prior to the time that he takes other employment or is eligible to receive his pension, it is subject to the child support modification clause of the separation agreement.

2. Under the settlement agreement, Richardson has an unquali-

---

[1] Although the *Biddlecom* court determined that the severance payments were not subject to a support escalation clause, in contrast to this case, the ruling was based on the fact that the property settlement agreement did not provide for the distribution of any additional benefits paid to defendant by his employer subsequent to the divorce.

fied obligation to pay one-half of the child's college education for a minimum of five years. The trial court also held Richardson in wilful contempt for failure to comply with that provision. Because the undisputed evidence shows that the child did attend college during a fifth year (the sole condition of the agreement), the trial court did not abuse its discretion in holding Richardson in wilful contempt. Compare *Mattocks v. Matus*, 266 Ga. 346 (466 SE2d 840) (1996) and *Still v. Still*, 199 Ga. App. 723 (405 SE2d 762) (1991).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*Linda J. Spievack, Sidney L. Storesund*, for appellant.
*Davis, Matthews & Quigley, Elizabeth G. Lindsey, David N. Marple*, for appellee.