S09A0061. CROSBY v. LEBERT.
(676 SE2d 192)

MELTON, Justice.

Thomas Lebert (Husband) and Jane Crosby (Wife) were divorced pursuant to a Final Judgment and Decree dated December 22, 2005, which incorporated the terms and conditions of a Settlement Agreement entered into by the parties on December 21, 2005. Pursuant to the decree, Wife was entitled to receive $10,000 and half of a marital retirement fund. Additionally, Husband was required to pay the monthly installments on a Cadillac Escalade and transfer title of the car to Wife once the car was paid for. However, the Settlement Agreement specifically stated that Husband "shall [make

these payments] in the form of permanent periodic alimony."[1] Husband was also required under the agreement to pay for 18 months of health insurance for Wife, with these insurance payments also being "made for Wife in the form of periodic alimony." Wife remarried on April 22, 2006, and in July of 2006, Husband notified Wife that she would be responsible for the remaining payments on the automobile and that his payments on her health insurance would cease.

Husband then filed a declaratory action and moved for summary judgment, arguing that his obligation to make "periodic alimony" payments under the Settlement Agreement ceased upon Wife's remarriage. See OCGA § 19-6-5 (b) ("All obligations for permanent alimony, however created, the time for performance of which has not arrived, shall terminate upon remarriage of the party to whom the obligations are owed unless otherwise provided."). The trial court granted summary judgment to Husband, and Wife appeals. For the reasons that follow, we affirm.

Wife contends that the trial court erred in granting summary judgment to Husband because Husband's payment obligations to Wife did not terminate upon her remarriage. Specifically, Wife contends that the automobile was included in the Settlement Agreement as an equitable division of property, not periodic alimony.[2] However, the automobile payments here are clearly defined in the Settlement Agreement as "permanent periodic alimony," as they are described in the following language: "Husband shall timely pay all monthly installment payments of Wife's vehicle until the vehicle is paid in full *and shall do so in the form of permanent periodic alimony.*" (Emphasis supplied.)[3] Thus, contrary to any indication that the parties *only* intended for Husband to make payments on Wife's car until the car was paid for in full, the agreement makes clear that Husband also *shall* specifically make the car payments in the form of "permanent periodic alimony." As stated previously, permanent periodic alimony payments "terminate upon remarriage

---

[1] Paragraph 4 (B) of the Settlement Agreement states in relevant part that Husband hereby waives any and all interest he may have in the Cadillac Escalade the Wife is currently using. . . . Wife's car is financed and titled in Husband's name. Husband shall timely pay all monthly installment payments of Wife's vehicle until the vehicle is paid in full and shall do so in the form of permanent periodic alimony. Once Wife's vehicle is paid in full, Husband shall sign title of the vehicle over to Wife.

[2] Wife makes no argument on appeal to contest Husband's refusal to continue making payments for her health insurance.

[3] Further highlighting the parties' deliberate use of the term "periodic alimony," the Settlement Agreement later states at Paragraph 7 that "Husband agrees to be solely responsible for all of the indebtedness . . . [held] individually by Husband except as set forth as alimony above because the rules of periodic alimony [a]ffect said debt."

of the party to whom the obligations are owed." OCGA § 19-6-5 (b). Thus, the language of the Settlement Agreement indicates that the parties intended for Husband to pay for Wife's car subject to those payments being considered permanent periodic alimony that would terminate upon Wife's remarriage. See *Bisno v. Bisno*, 239 Ga. 388, 391 (236 SE2d 755) (1977) (where parties agreed to finite number of payments that provided tax deductions to husband, "there [was] no ambiguity. The parties intended these payments . . . to be qualifying permanent alimony payments and not a property settlement as claimed by the wife"). Compare *Douglas v. Cook*, 266 Ga. 644, 645 (1) (469 SE2d 656) (1996) (parties intended for lump sum payment where agreement provision contained "no limitation or contingency"); *Morris v. Padgett*, 233 Ga. 750, 751 (2) (213 SE2d 647) (1975) (agreement to make monthly payments "on the outstanding indebtedness presently due" on a house, without any further restriction in the agreement, constituted property settlement obligation that did not terminate upon wife's remarriage). To interpret the agreement here as providing for only a property settlement instead of permanent periodic alimony would fail to give full effect to all of the language included by the parties in the provision in question. See *Richardson v. Levitt*, 275 Ga. 444, 446 (1) (569 SE2d 534) (2002) ("The controlling principle to be applied in interpreting decrees based on agreement of the parties is to find the intent of the parties by looking to the four corners of the agreement") (citation and punctuation omitted); OCGA § 13-2-2 (4) ("The construction which will uphold a contract in whole and in every part is to be preferred"); OCGA § 13-2-3 (Where the parties' "intention is clear and it contravenes no rule of law and sufficient words [have been] used to arrive at the intention, it shall be enforced."). Accordingly, the trial court did not err in granting summary judgment to Husband, thereby relieving him of any further obligation under the Settlement Agreement to continue making monthly payments on Wife's car following her remarriage.[4]

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 28, 2009.

*Penny D. Furr*, for appellant.

---

[4] Of course, this ruling speaks only to any obligation that Husband had to make car payments as provided in the Settlement Agreement. It in no way impacts any independent financing obligation that Husband may have with respect to the car that does not arise out of the terms of the Settlement Agreement.