[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10552
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-01713-TWT

WYNETTE KWOK,

Plaintiff-Appellant,

versus

DELTA AIR LINES INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 25, 2014)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Wynette Kwok appeals the district court's dismissal of her complaint against Delta Airlines, Inc. (Delta), alleging breach of contract between Delta and members of Delta's SkyMiles frequent flyer program (SkyMiles). Specifically, Kwok asserts that Delta agreed to credit SkyMiles members with award "miles" based on the actual distances they traveled on Delta flights, but instead granted mileage credit based on travel segments, resulting in awards of fewer miles than members were entitled to receive. Kwok also argues that the district court erred by failing to grant her leave to amend her complaint. For the reasons that follow, we affirm.

## I.

To enroll in the SkyMiles program, members must complete an enrollment form and are required to accept the SkyMiles Membership Guide and Program Rules (Program Rules).[1] Under the terms of the SkyMiles program:

> The amount of mileage earned for air travel flown while you are a SkyMiles member will be calculated as follows:
>
> - On nonstop and direct flights, mileage credited will be calculated based upon the distance from origin to final destination, regardless of the number of stops

---

[1] Delta attached a copy of the SkyMiles Program Rules to its motion to dismiss. Kwok does not challenge the district court's reliance on this attachment in dismissing her complaint, and in fact, she relies upon this document in her own brief. *See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) (In ruling upon a motion to dismiss, a district court may consider materials attached to pleadings if the materials are "(1) central to the plaintiff's claim, and (2) its authenticity is not challenged.").

2

- On connecting flights that require a change of plane and flight number, mileage credited will be calculated based upon the distance from origin to destination for each segment of the trip. However, use of connecting itineraries in lieu of nonstop and/or direct flights for the accumulation of additional mileage is not permitted. Delta reserves the right to limit mileage credit for an itinerary to the number of connecting flights actually traveled or the maximum number of segments shown in Delta's published schedule for a connection between any two cities, whichever is less.

The SkyMiles Program Rules, however, do not state whether the award "miles" correspond to the actual distances flown by the member. Additionally, the Program Rules explain that "Delta is the final authority on qualification for mileage credit[.]"

Kwok's complaint included a single breach-of-contract claim, in which she alleged that Delta breached the Program Rules by awarding fewer miles than the distances actually flown by SkyMiles members, without disclosing this fact to members.[2] She asserted that program members are entitled to miles awarded for flying on Delta's flights that equal the exact distances of those flights. The miles awarded for a flight segment, however, are based on a set mileage that corresponds to the direct distance between the origin and destination airports. Kwok noted that on two occasions, she

---

[2] Kwok filed her action on behalf of herself and a class of current and former SkyMiles members, pursuant to Fed.R.Civ.P. 23.

3

was awarded 2,475 miles for flights from Los Angeles to New York, when the actual distances flown by the planes were 2,802 and 2,651 miles.

The district court granted Delta's motion to dismiss, concluding that no breach occurred because, based on the plain language of the contract, Delta's method of crediting award miles was permissible. The instant appeal followed.

## II.

"We review *de novo* the district court's grant of a motion to dismiss under [Fed.R.Civ.P.] 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (quotation omitted). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and so must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The parties agree that Georgia law governs this dispute. The elements of a breach of contract claim in Georgia are "merely the breach and the

4

resultant damages to the party who has the right to complain about the contract being broken." *Odem v. Pace Academy*, 510 S.E.2d 326, 331 (Ga. Ct. App. 1998) (internal quotation marks omitted). Under Georgia law, "[t]he cardinal rule of construction is to ascertain the intention of the parties." *Georgia R.R. Bank & Trust Co. v. Fed. Deposit Ins. Corp.*, 758 F.2d 1548, 1551 (11th Cir. 1985) (citations omitted).

The construction of a contract involves three steps and, at least initially, is a question of law for the court. *CareAmerica, Inc. v. S. Care Corp.*, 494 S.E.2d 720, 722 (Ga. Ct. App. 1997). First where the language of a contract is clear, unambiguous, and capable of only one reasonable interpretation, a court is required to enforce the contract according to its clear terms. *Id.* Next, if the contract is ambiguous in some respect, the court must apply the rules of contract construction to resolve the ambiguity. *Id.* Finally, if the ambiguity remains after applying the rules of construction, the issue of what the ambiguous language means and what the parties intended must be resolved by a jury. *Id.*

### III.

Turning to the SkyMiles Program Rules, we first note that the plain text of the provision dealing with mileage credit creates an ambiguity as to how a mileage award will be calculated. The Program Rules describe that

5

members will be awarded miles based on "the distance from origin to final destination[.]" Delta determines mileage awards by assigning a set mileage to each flight segment available for purchase, which can then be adjusted based on the status of the member. As highlighted by Kwok, however, "distance" can refer to travel along a route, such as the exact distance of a flight path. On the other hand, "distance" can also refer to the shortest and most direct path between two points, the meaning put forth by Delta. *See Dorsey v. Clements*, 44 S.E.2d 783, 787 (Ga. 1947) ("[A] word or phrase is ambiguous only when it is of uncertain meaning, and may be fairly understood in more ways than one.").

As such, we turn to the canons of contract interpretation to resolve the ambiguity in the meaning of "distance" and conclude that Delta's reading is supported by a reading of the contract as a whole. *See Colonial Props. Realty Ltd. P'ship v. Lowder Constr. Co., Inc.*, 567 S.E.2d 389, 391 (Ga. Ct. App. 2002) ("It is axiomatic that contracts must be construed in their entirety and in a manner that permits all of the terms contained therein to be consistent with one another.").

The first paragraph of the section dealing with the calculation of mileage credit in the Program Rules notes that "[o]n nonstop and direct flights, mileage credited will be calculated based upon the distance from

6

origin to final destination, regardless of the number of stops." Similarly, in a separate SkyMiles provision regarding "connecting flights," Delta makes clear that if a nonstop or direct flight is unavailable between a SkyMiles member's airport of origin and her final destination airport, she is entitled to accumulate miles for each leg of her connecting flights. But, where a nonstop or direct flight is an option, then mileage is awarded according to the rules for nonstop and direct flights, even if the SkyMiles member opts for a more circuitous route. In other words, the calculation of mileage will not factor in additional miles flown as a result of planned stops on nonstop or direct flights, as well as unplanned stops on connecting flights, such as an emergency stop to refuel. This is in conflict with Kwok's interpretation of the word "distance" that would link earned miles with the distances actually flown by individual flights. *See Anderson v. Anderson*, 552 S.E.2d 801, 804 (Ga. 2001) ("A contract must be construed so as to reconcile its different provisions and to reject a construction that leads to a contradiction.").

Kwok cites to Delta's Medallion Program webpage to argue that the term "distance" should be interpreted to constitute the exact number of miles traveled on each flight. Specifically, she highlights that under the Medallion Program, qualifying miles, also known as Medallion Qualification Miles (MQMs), "earned through flight activity are calculated based on distance

7

traveled."  As highlighted by the district court, however, the Medallion Program webpage constitutes extrinsic evidence because there is no indication that the Program Rules expressly incorporate this webpage into its mileage calculation provisions.  *See Second Refuge Church of Our Lord Jesus Christ, Inc. v. Lollar*, 653 S.E.2d 462, 466 (Ga. 2007) (noting that resort to extrinsic evidence is only appropriate if the contract's text "is so ambiguous that its meaning cannot be determined through application of the ordinary rules of textual construction.").

Even accepting Kwok's assertion that the Medallion Program website constitutes a part of the SkyMiles Program Rules, however, the quoted language does not support Kwok's claim.  The term "distance traveled" would have to be read consistently with the more specific terms set forth in the Program Rules.  *See Schwartz v. Harris Waste Mgmt. Grp., Inc.*, 516 S.E.2d 371, 375 (Ga. Ct. App. 1999) ("[U]nder general rules of contract construction, a limited or specific provision will prevail over one that is more broadly inclusive.").  As noted above, the Program Rules measure mileage based on "the distance from origin to final destination, regardless of the number of stops" on direct and nonstop flights, and do not allow passengers to accrue additional miles by booking connecting itineraries where direct and nonstop flights are available.

8

Moreover, a court must construe a contract so as to achieve a logical result. *See Tudor v. Am. Emp'rs. Ins. Co.*, 173 S.E.2d 403, 405-06 (Ga. Ct. App. 1970) ("A contract must be given a reasonable construction which will uphold and enforce the instrument, if possible, rather than a construction which would . . . lead to an absurd result."). It would make little sense to require Delta to award mileage based on the actual distance traveled by each airplane. Such a method of calculation would be unpredictable and unwieldy, requiring Delta to keep track of the distances flown by each plane in its fleet and result in additional miles being awarded for unplanned contingencies, such as if a plane had to divert around inclement weather or fly around the airport to approach a particular runway.

In sum, absent contract language stipulating that mileage awards were to be calculated in some other way, Kwok failed to demonstrate that Delta's method of allocating mileage awards—by assigning a set mileage to each flight segment available for purchase—violated the terms of the SkyMiles Program Rules. Because the facts alleged in the complaint demonstrate that no breach of contract occurred, the district court properly granted Delta's motion to dismiss the complaint.

IV.

9

Lastly, Kwok argues that the district court erred by dismissing her complaint with prejudice without *sua sponte* inviting her to seek leave to amend. Rule 15 permits a party one amendment as a matter of right before being served with a responsive pleading. Fed.R.Civ.P. 15(a)(1). Once a party has used its one free amendment or a responsive pleading has been filed, however, it may only amend with the other party's written consent or by leave of the court. *Id.* at 15(a)(2). *In Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002) (*en banc*), this court held that a "district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Id.* at 542.

Kwok had the benefit of counsel, but did not request leave to amend her complaint. Instead, she filed a response to Delta's motion to dismiss. The district court was not obligated to *sua sponte* grant Kwok leave to amend prior to dismissing her complaint, and therefore Kwok's argument fails.

**AFFIRMED.**